CECELIA SCHUMANN, Respondent, v. NATIONAL PRESSURE COOKER COMPANY, Appellant, and E. W. EDWARDS & SON, Defendant.— Orders affirmed, with ten dollars costs and disbursements. Memorandum: We find proof that the appellant corporation maintains an office in the city of New York designated as its " Eastern Sales Office " with business facilities bearing its corporate name. By means thereof its eastern sales manager, Porter, systematically and regularly solicits and obtains orders, resulting in shipments of appellant's products into New York State from its manufacturing plant in Wisconsin — not at irregular intervals but with reasonable continuity. Such a course of business conduct by which goods are shipped into this State as a direct result of solicitations and business activities conducted in this State by a foreign corporation's agent present here, amounts to doing business within this State in a manner which makes the corporation

amenable to the process of our courts. The appellant's agent upon whom service was made in this instance, was a "managing agent within the meaning of section 229, subdivision 3, of the Civil Practice Act. (*Tuchband* v. *Chicago & Alton R. R. Co.*, 115 N. Y. 437, 438.) As the proof clearly indicates that appellant is " * * * here, not occasionally or casually, but with a fair measure of permanence and continuity, * * * it is within the jurisdiction of our courts." (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 267; *International Harvester Co.* v. *Kentucky*, 234 U. S. 579, 587.) All concur. (One order denies a motion by the defendant Cooker Company for a dismissal of the complaint and the other order denies a motion to set aside the service of the summons and complaint upon the defendant Cooker Company, in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.