Lewis W. Oliffe, J.
The attorneys for an insurance company appeared in this action on behalf of Whink Products Company, third-party defendant. The attorneys for the insurance company now move to vacate the appearance and the answer which was served by them on behalf of Whink Products Company. The basis of the motion is that the appearance was without authorization from the third-party defendant and ivas due to a mistake of fact.
This action was brought to recover for personal injuries allegedly sustained by the plaintiff as a result of having used a product manufactured by the third-party defendant Whink Products Company and distributed by the codefendant C. and C. Sales Company to the defendant Harrison Hardware & House Furnishings Company, Incorporated, from whom the plaintiff is alleged to have purchased the product.
A third-party action was instituted by the Harrison Hardware & House Furnishings Company, Incorporated, against the third- *573 party defendant Whink Products Company by the service of a third-party summons and complaint on March 28, 1962. Said third-party summons and complaint was allegedly served upon the Whink Products Company by service upon Jack Segal, an individual who was doing business under the name of Consolidated Sales Service.
An attorney for the insurance company states in his affidavit in support of the motion that the insurance company does not have any type of insurance coverage directly, or indirectly through Consolidated, and that the attorneys were never authorized to appear for Whink. It appears from the affidavit that, after receiving the third-party pleadings from Segal, their assured, the attorneys mistakenly assumed the representation of Whink and appeared and answered on its behalf. The foregoing statements made on behalf of the attorneys stand uncontradicted herein. The proof is clear that the appearance was without authority from Whink.
The opposition to the motion is based on dual grounds. The plaintiff and third-party plaintiffs have submitted no affidavits or additional evidence in support of their position. Both argue that jurisdiction was obtained over Whink by service upon Segal and maintain that Whink was carrying on its business in the State.
The plaintiff and third-party plaintiff have assumed that jurisdiction was obtained over Whink by virtue of the service of the third-party process. Based upon this assumption they argue that the appearance and answer may not be withdrawn, although the appearance was unauthorized. The court notes that in all the cases cited by the third-party plaintiff, regarding “ presence ” of a foreign corporation, the foreign corporation was before the court, either by general or special appearance, at the time when that issue, the question of validity of process, was being litigated. It may also bo noted that plaintiff’s citation of authority, respecting the effect of an unauthorized appearance following service of process, pertains to an application to vacate a judgment admittedly based upon due service of process upon a resident defendant. Both points will be later discussed.
Before proceeding further the court must pause to consider a corollary matter raised, or suggested, in the briefs submitted by the third-party plaintiff and the moving attorneys. The third-party plaintiff asks the court to make a ‘ ‘ finding with respect to the propriety of service of process upon” Whink. The moving attorneys state that “ the determination of this issue must be made ’’preliminarily.
*574 There are several reasons why the court may not make a determination of the validity of the alleged service of process upon Whink in the third-party action. First, the issue regarding the sufficiency of service of process upon Whink is not properly before this court. The third-party plaintiff and the plaintiff claim service was good. The adversary, Whink, is not before the court to controvert that claim. Actually no notice was given Whink that an “ application,” if so it may be termed, would be made herein (on this motion to vacate an unauthorized appearance) to request the court to make a determination of the validity, or invalidity, of the service of process in the third-party action. Whink has not appeared specially or generally in this proceeding.
Since the issues sought to be raised and determined by motion in this action question the inception and very existence of such action (i.e., the third-party action), it would seem that to obtain jurisdiction, and a binding adjudication, service of the notice of the “ application ” should have been effected upon Whink the same as an original process in a special proceeding. (See 1 Carmody-Wait, New York Practice, § 2, p. 617.) Jurisdiction for this motion cannot be obtained over Whink by service (of the order to show cause to withdraw the appearance) upon another attorney, characterized in the order to show cause and in the various affidavits of service, as being the attorney for Whink.
Secondly, an examination of but a few cases will demonstrate that the issue of Whink’s corporate presence in New York State is substantially a question of fact undeterminable either upon the insufficient proof herein or without opportunity to the affected parties to have a full disclosure of whatever evidence may be considered relevant under the circumstances. (See Schumann v. National Pressure Cooker Co., 256 App. Div. 1044; Miller v. Surf Props., 4 N Y 2d 475, 480; Knapp v. Roberton Mfg. Co., 155 N. Y. S. 2d 490, 493.)
The moving attorneys have based their application upon the theory that Whink, being a nonresident defendant, upon whom process has not been served, cannot be brought within the jurisdiction of this court by virtue of an unauthorized appearance made by an unauthorized attorney, citing Vilas v. Plattsburgh & Montreal R. R. Co. (123 N. Y. 440, 457). It is important to note that the court in Vilas confined the doctrine of Denton v. Noyes (6 Johns. 296), which barred relief to a party for whom an attorney had appeared without authorization, by applying the rule strictly, under stare clecisis, to a party who was a resident of the State and within the jurisdiction of the court.
*575 It is a fundamental principle of law that the court is empowered to relieve a party from the legal effect of an admission inadvertently made by his attorney under a mistake of fact (Becker v. Lamont, 13 How. Pr. 23; Braunstein v. Phillips, 115 N. Y. S. 2d 47) and from the effect of an appearance and answer interposed as a result of a misunderstanding where the attorney was not actually employed for the purpose (Scharlau v. Lombard State Bank, 278 Ill. App. 504). The rule has been stated textually that where there has been an appearance without authorization ‘ ‘ the appearance should be set aside on motion before judgment.” (2 R. C. L., Appearances, p. 326; see, also, Ann. 64 A. L. R. 2d 1430.)
It has been recognized that the court has the power to interfere with the continuation of an action and even to arrest an action where the attorney representing the plaintiff was without authority to represent the plaintiff (Hudson Riv. West Shore R. R. Co. v. Kay, 14 Abb. Pr. [N. S.] 191, 195). Where the attorneys’ authority to appear for a party has been questioned, the court has the power to act (see 5 Am. Jur., Challenging Authority to Appear, § 82, p. 309) and to order stricken an appearance and answer submitted by an attorney without authorization from the party (Rector, etc., of Holy Trinity Church v. Church of St. Stephens, 15 N. Y. S. 117). The court permitted the withdrawal of a general appearance upon a showing by the attorneys that they had been retained to enter only a special appearance (Dillingham v. Barron, 6 Misc. 600, see 26 N. Y. S. 1109 for detailed report).
It is the court’s holding that the unauthorized appearance did not confer jurisdiction over the third-party defendant and that the attorneys who appeared and answered for Whink should be permitted to withdraw such appearance and answer.
In view of the foregoing, the attempted service by the plaintiff of an amended complaint by service upon the unauthorized attorneys was accordingly jurisdictionally ineffectual.
The court lacks the power to provide, as suggested by plaintiff, for the service of a copy of the pleadings and the order to be entered herein upon Whink. In the case cited as authority by the plaintiff (Galante v. Dahlstrom, 21 Misc 2d 681) there was no question of lack of jurisdiction over the defendant in the pending action.
Motion to vacate the appearance and answer is granted.