■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR BUTTS, Appellant.— Judgment, Supreme Court, Bronx County, rendered on July 8, 1971, unanimously affirmed. Concur — Markewich, J. P., Kupferman, Steuer and Tilzer, JJ.; Murphy, J., concurs in the following memorandum : I concur solely on constraint of *People* v. *Gordian* (39 A D 2d 861).

■ THOMAS I. FITZGERALD, as Public Administrator of the Estate of CHARLES MCCARTHY, Deceased, Appellant, v. CUNARD S. S. Co., LTD., et al., Respondents.— Order, Supreme Court, New York County, entered on February 4, 1971, affirmed, without costs and without disbursements. Concur — Stevens, P. J., McGivern, Markewich and McNally, JJ.; Nunez, J., dissents in the following memorandum : In denying plaintiff's motion to restore the case to the Trial Calendar the court below not only abused its discretion, it also failed to follow the well-established rule of law that the authority of an attorney does not extend to a settlement or release. It has been squarely so held : " It is the law in the State of New York that an attorney cannot settle a suit and conclude his client in relation to the subject in litigation without the client's consent. (*Barrett* v. *Third Avenue R. R. Co.,* 45 N. Y. 628; *Mandeville* v. *Reynolds,* 68 id. 528; *Bush* v. *O'Brien,* 164 id. 205.) The great weight of authority throughout the United States is to the same effect. (*United States* v. *Beebe,* 180 U. S. 343, 352)." (*Countryman* v. *Breen,* 241 App. Div. 392, 394, affd. 268 N. Y. 643.) In further-ance of clearing up the existing clogged calendars, this widow and her children are being denied their day in court in this wrongful death action. Such is indeed a harsh and undeserved penalty. The interests of justice require a reversal and a granting of plaintiff's motion to restore and for an extension of time to file a statement of readiness.