■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WILLIAM JAMES, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered February 3, 1976, convicting defendant, upon his plea of guilty, of the crime of attempted criminal sale of a dangerous substance in the third degree and sentencing him to an indeterminate term of imprisonment of not more than four years, said sentence to run concurrently with a previously imposed sentence in Tioga County for like charges. Defendant contends that failure of the sentencing court in Tompkins County to order a medical examination to determine whether he was a narcotic addict and to consider committing him to custody as an alternative to sentencing him to jail requires remand for sentencing in accordance with sections 81.19 and 81.21 of the Mental Hygiene Law. The only purpose of such a medical examination is to determine whether a defendant is an addict. Where, as here, the court had a presentence probation report and an evaluation report of the Office of Drug Abuse Services articulating the defendant's addiction, and determines that a sentence to a penal institution is called for, there is no necessity for such an examination and literal compliance with sections 81.19 and 81.21 of the Mental Hygiene Law is not required (People v Cicale, 35 NY2d 661; People v Carter, 31 NY2d 964; People v Butts, 40 AD2d 637). In any event, defendant was not eligible to be sentenced to probation under the care of a State health facility since at the time of sentencing he was subject to an indeterminate sentence of imprisonment imposed by another court, which sentence had more than one year to run (Penal Law, § 65.00, subd 1, par [b]). The indeterminate sentence imposed, being well within the maximum possible, was not excessive (People v Miller, 51 AD2d 611). Judgment affirmed. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.