◼ CROUSE-IRVING MEMORIAL HOSPITAL, INC., Plaintiff, v YVONNE MOORE et al., Defendants. YVONNE MOORE et al., Third-Party Plaintiffs-Respondents, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Third-Party Defendant-Respondent, and ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Third-Party Defendant-Appellant. — Judgment unanimously reversed, without costs, and third-party complaint dismissed, in accordance with the following memorandum: Plaintiff Crouse-Irving Memorial Hospital sues to recover hospital and medical expenses due it by defendant third-party plaintiff Yvonne Moore, on behalf of her son, defendant third-party plaintiff, Ronald Bartell, who was injured in a motorcycle accident. Before the action was brought, Moore and Bartell sought medical assistance from the Onondaga County Department of Social Services (OCDSS), but assistance was denied because Mrs. Moore had resources available to her in the form of life insurance

proceeds received after her husband's death. Inasmuch as the bills continued to accumulate, OCDSS agreed to pay the excess once Mrs. Moore used up these available assets. Declining to accept that determination, Mrs. Moore demanded a fair hearing on the question of eligibility. On the return date of the fair hearing, the attorney for OCDSS had in hand a statement from Crouse-Irving showing that some $8,985.63 of the Moore bill had been paid. Relying upon that statement, he stipulated that if Mrs. Moore would pay a hospital bill balance of $169.50 from her own resources, OCDSS would then pay the rest. Mrs. Moore agreed to do so and withdrew her request for a fair hearing without any ruling on her eligibility having been made. In fact, third-party plaintiffs have not paid anything on the bill (other than $169.50) and neither has anyone else and since the bill had not been paid, the hospital initiated this action. Mrs. Moore and her son impleaded OCDSS and the State agency, claiming that they were bound by the stipulation of settlement. Special Term granted summary judgment in favor of the hospital and judgment over in favor of defendants Moore and Bartell against the third-party defendants. The Social Services Law establishes the State and local responsibility for medical assistance (see Social Services Law, § 365) and the eligibility standards which must be met for those seeking it (Social Services Law, § 366). Manifestly, in this case there has never been an administrative determination that Mrs. Moore and her son are eligible for assistance or that third-party defendants are responsible for their medical bills. On the contrary, the agency determined that the third-party plaintiffs were not eligible for assistance and that determination is still in effect. Nevertheless, third-party plaintiffs seek to impose liability on third-party defendants because of the stipulation of the OCDSS attorney at the fair hearing. They claim that counsel's statement is the equivalent of a settlement stipulation in a pending lawsuit (see *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435) and supersedes the determination of noneligibility. The rule that a stipulation of settlement in a pending dispute made by parties authorized to make it binds the parties is based upon the theory that the settlement terminates the existing litigation and gives rise to a new superseding agreement which is the measure of each party's obligation to the other (see *Owens v Lombardi,* 41 AD2d 438, 440, citing *Yonkers Fur Dressing Co. v Royal Ins. Co., supra,* at p 444). It is questionable that any "agreement" was reached at this fair hearing, but even if it was, the rule binding the litigants presupposes attorneys competent to bind their principals, for an attorney cannot bind his client in relation to matters involved in litigation without his clients' consent *(Fitzgerald v Cunard S.S. Co.,* 40 AD2d 637, and cases cited therein). Obviously, on a matter of eligibility defined by statute, counsel was without authority to bind the Department of Social Services or the State agency to advance medical payments to an ineligible recipient (see *Bush v O'Brien,* 164 NY 205; *Matter of Fischer v Bloomer,* 268 App Div 947; *Matter of Crennan v Brennan,* 265 App Div 1013). But even if it be held that the department's counsel had implied authority to settle the question of payment in this case, the department was entitled to be relieved of its commitment because the stipulation was made while counsel was operating under a mistake of fact *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 54-55; *Matter of Crennan v Brennan, supra; McIntyre v Harrison Hardware & House Furnishings Co.,* 39 Misc 2d 572, 575). The third-party judgment is reversed and the third-party complaint is dismissed, without prejudice to third-party plaintiffs' right to seek an independent determination of their eligibility for medical assistance. (Appeal from judgment of Onondaga Supreme Court, Tenney, J. — liability.) Present — Simons, J.P., Callahan, Denman, Moule and Schnepp, JJ.