■ JOHN KARIAN, Plaintiff, v ANCHOR MOTOR FREIGHT, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, and HAROLD HENDERSON, Appellant. M & G CONVOY, INC., Third-Party Defendant-Respondent-Appellant.—Kane, J. (1) Cross appeals from a judgment of the Supreme Court (Doran, J.), entered June 24, 1987 in Albany County, upon a verdict rendered in favor of plaintiff, and (2) appeal from an order of said court, entered July 23, 1987 in Albany County, which denied motions by third-party plaintiff and third-party defendant to set aside the verdict.

Plaintiff, a 23-year-old mechanic employed by third-party defendant, M & G Convoy, Inc. (hereinafter M & G), a division of Ryder Trucking Company, was severely and permanently injured on August 31, 1983, at about 8:30 A.M., when he was run over by the rear wheels of a tractor trailer he was working on at the terminal of defendant and third-party plaintiff, Anchor Motor Freight, Inc. (hereinafter Anchor), located in the community of Selkirk, Albany County. Pursuant to the terms of an oral agreement, M & G leased from Anchor a designated portion of the terminal consisting of a garage bay and an area sufficient to accommodate 18 to 20 vehicles used as automobile carriers. M & G was subsequently given the additional use of another garage bay during nighttime hours only and partial use of a fuel pump and a dumpster near the leased workshop area.

At the time of his injury, plaintiff was in the process of adjusting a leveling device on a car carrier parked outside of the repair shop adjacent to a fuel pump and dumpster and blocking access to the dumpster. A garbage truck had arrived to pick up the dumpster, and finding the area blocked, requested that the tractor trailer be moved. Defendant Harold Henderson*, employee of M & G, unaware of the presence of plaintiff under the wheels of the trailer, moved the truck causing the injuries to plaintiff.

After trial of the within action alleging common-law negligence and violations of Labor Law § 200, the jury returned a verdict in favor of plaintiff in the sum of $5,000,000, finding no negligence on the part of plaintiff and apportioning responsibility 80% against Anchor and 20% against M & G. Several months after entry of judgment and while this appeal was

---

* Plaintiff's action against Henderson was discontinued; however, Anchor submitted a cross claim against him. Although Supreme Court characterized him as a third-party defendant, no further action was taken by Anchor on this claim and Henderson's name is not on the special verdict sheet.

pending, a stipulation was entered into among the parties wherein plaintiff settled his claim against Anchor upon payment to him by Anchor of the sum of $1,999,500, at which time M & G waived its outstanding workers' compensation lien of $83,243.91 against any recovery by plaintiff in his third-party action and plaintiff in turn waived any claim for future workers' compensation benefits he might have against M & G.

Thus, the central issue on this appeal is whether the record supports the jury's apportionment of liability between Anchor and M & G. Initially, we note that, contrary to the argument advanced by M & G, there is sufficient evidence to support the jury's finding of negligence on the part of both Anchor and M & G under rules of common-law negligence and Labor Law § 200, as alleged in the complaints in this action. The duty imposed upon Anchor and M & G is to provide a safe place for workers, and, as a precondition to impose liability for violation of that duty, a party charged must have authority to control the activity bringing about the injury in order to enable it to avoid the injury or correct an unsafe condition (see, Russin v Picciano & Son, 54 NY2d 311, 317). Thus, and as properly charged by Supreme Court, there must be a showing of control of the site of the injury and notice, actual or constructive, of the unsafe condition (see, Lagzdins v United Welfare Fund-Security Div. Marriott Corp., 77 AD2d 585; Miller v Perillo, 71 AD2d 389, appeals dismissed 49 NY2d 1044, 51 NY2d 767; Monroe v City of New York, 67 AD2d 89). Here, the record demonstrates that Joseph Nichols, the superintendent for Anchor, delineated the area where M & G should park their trucks and laid out the routes which trucks were to take when entering and leaving the terminal. He testified that Anchor employed a full-time safety director at the yard who "was concerned with the safety of the garage and the yard and the mechanics and the drivers and the yard men". He also testified that working under a truck in the yard presented a danger and, if he had seen anyone working under a truck, whether it was an Anchor or M & G employee, it would have been his responsibility to tell employees not to make repairs to trucks in the yard. Moreover, he stated that the full-time safety director's responsibilities included employees of both Anchor and M & G. He further testified that it was his custom to occasionally walk through the yard, that he had observed men working on M & G trucks in the yard with their hoods up, although he had never seen them underneath a truck.

As to M & G, there is more than ample evidence in this record to cast them in liability under common-law negligence or Labor Law § 200. George St. John, the lead mechanic for M & G, testified that on the morning of the accident, he asked plaintiff to work on an M & G truck parked outside of the bay area. He stated that the required work could have been accomplished without the necessity of going under the trailer, but that he did not advise plaintiff of that fact. However, he admitted that the particular repair could be made faster by working underneath the truck. He also stated that whenever necessary, he required his mechanics to work on trucks out in the yard and had not received instructions from anyone acting on behalf of Anchor not to do so, although he had observed both Nichols and the safety director in the area where such work was being done. Furthermore, St. John testified that there were no rules prohibiting drivers from leaving their keys in the ignitions of their vehicles and they were not furnished with wheel chocks to place in position when their vehicles were parked. Accordingly, in our view, there is sufficient evidence of violations of standards of safety to sustain the verdict of the jury in both the main action and the third-party action, and the motion to set aside the verdict by M & G was properly denied. We reject M & G's argument, citing *Chabot v U-Haul Co.* (120 AD2d 301, *lv denied* 69 NY2d 612), that finding plaintiff free from negligence necessarily found the method of work of his employer, M & G, not negligent. The instant case is clearly distinguishable from *Chabot* since the negligence of M & G, outlined above, was independent of plaintiff's act, foreseeable and not unexpected, as to constitute a proximate cause of plaintiff's injuries.

As to Anchor, although it is precluded from a new trial on the issue of liability because of its settlement with plaintiff and the stipulation entered thereon *(see, Skogsberg Constr. Co. v Hawthorne Indus. Park,* 94 AD2d 766, 767; *Crouse-Irving Mem. Hosp. v Moore,* 84 AD2d 954, 955), it is not precluded from seeking reapportionment of liability against M & G. In that agreement, Anchor's counsel specifically stated that its settlement with plaintiff "is without prejudice to any of our rights on appeal with respect to the third-party defendant, M & G Corp., with respect to apportionment, or whatever portion of that judgment we are appealing". We note that this was not a prejudgment settlement which would otherwise preclude reapportionment or contribution *(see,* General Obligations Law § 15-108; *Rock v Reed-Prentice Div. of Package Mach. Co.,* 39

NY2d 34; *Lunn v County of Nassau,* 115 AD2d 457; *Makeun v State of New York,* 98 AD2d 583).

M & G raises other issues on this appeal directed to Supreme Court's charge to the jury, its refusal to provide the jury with a definition of "control", its instruction relative to the claim of Anchor against M & G, the contents of the special verdict sheet, rulings on the extent of cross-examination and the scope of expert testimony, as well as other rulings on evidentiary matters, all of which we find to be without merit. We also reject Anchor's argument that the court improperly redacted an accident report made by or on behalf of M & G.

Also without merit is M & G's argument as to the excessiveness of the verdict and Anchor's bad faith in failing to settle during the trial. While M & G presents a persuasive argument as to the excessiveness of the verdict, there is no showing that the settlement itself was disproportionate after considering the nature and extent of plaintiff's injuries *(see, Turner v Miller,* 61 AD2d 856). On the issue of bad faith, the record demonstrates that although the amounts offered by Anchor during trial negotiations were low, they were adequately defended by Anchor's counsel when consideration is given to Anchor's explanation of its degree of responsibility relative to that of M & G. Our review of that evidence compels the conclusion that it heavily preponderates toward the greater liability of M & G. The specific directive which ultimately caused plaintiff's injuries came from M & G, since St. John, the lead mechanic, knew of the dangers in the practice he ordered, and it was an M & G truck and driver that inflicted the injuries. Accordingly, in our view, the jury's apportionment is against the weight of the evidence and that an apportionment of liability of 80% against M & G and 20% against Anchor more reasonably reflects the reality of the situation *(see generally, Walsh v Morris,* 126 AD2d 911, *appeal dismissed* 70 NY2d 693; *Schildkraut v Eagle Lines,* 126 AD2d 480, *lv denied* 70 NY2d 605).

As a final matter, we note that although Henderson, the M & G driver of the truck causing plaintiff's injuries, has filed a notice of appeal from the judgment, his appeal must be dismissed as he is clearly not an aggrieved party.

Judgment and order modified, on the law and the facts, without costs, by reversing so much thereof as apportioned liability 80% to Anchor Motor Freight, Inc., and 20% to M & G Convoy, Inc., and a new trial directed on the issue of the

apportionment of liability only, unless these parties stipulate to a reapportionment of liability of 80% against M & G Convoy, Inc. and 20% against Anchor Motor Freight, Inc., and, as so modified, affirmed.

Appeal of Harold Henderson dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.