■ EDWARD L. KORYCKA, Respondent, v. S. A. HEALY COMPANY, Defendant, and Third-Party Plaintiff-Appellant. THOMAS ADAIR CONTRACTING CORP., Third-Party Defendant-Respondent.— In an action by an employee of Thomas Adair Contracting Corp., a subcontractor engaged in construction work, against S. A. Healy Company, the general contractor, to recover damages for personal injuries, Healy served a third-party complaint on Adair for judgment over. Healy appeals from the judgment entered on a jury's verdict in favor of respondent against it and on the court's dismissal of the third-party complaint. Healy, which had a contract with the City of New York for the construction of a sewer line, subcontracted with Adair to construct a specified section of the sewer, completely separate from any other section. The subcontract provided, among other things, that Adair would "do all the work and furnish all the labor, materials, tools, appliances and engineering services, required for performing and completing the work required by * * * said contract between the City of New York and [Healy]". Respondent, an employee of Adair, was injured when an unscheduled explosion occurred in a tunnel being constructed by Adair under its subcontract with Healy. It was uncontradicted that all the men working in the tunnel, including the superintendents of the various shifts, were Adair's employees, and there was also evidence that Adair received no instructions from Healy's representatives. Judgment insofar as it is in favor of respondent against appellant reversed upon the law and the facts, with costs, and complaint dismissed. Judgment insofar as it is in favor of the third-party defendant-respondent against the third-party plaintiff-appellant affirmed, with costs. While it was a permissible inference from the proof that the proximate cause of respondent's injuries was a violation by Adair's employees of various statutes and rules governing blasting operations (see, e.g., Labor Law, § 402; Industrial Code [N. Y. Off. Comp. of Codes, Rules & Regulations (8th Supp.), pp. 410–411], rules 30-11.15, 30-11.16, 30-11.32; Administrative Code of City of New York, § C19–36.0, subd. g), it is our opinion that Healy, the general contractor, may

not be held liable for such violation. Under the charge of the court, Healy could be cast in damages, regardless of negligence, only if it was under a continuing, nondelegable duty to comply with the statutory safeguards. That duty, under rules 30-2.5, 30-2.14, 30-3.1 and 30-3.3 of the Industrial Code (N. Y. Off. Comp. of Codes, Rules & Regulations [8th Supp.], pp. 401–402), is imposed upon the " constructor " of the tunnel. " Constructor " is defined as " the person, firm or corporation in general control and supervision of any tunnel or its accessories " (rule 30-2.5). In our opinion, on the record presented, Healy was not " in general control and supervision " of the tunnel, within the meaning of the applicable rules. The rules have the force and effect of law and a violation thereof is punishable as a penal offense. This being so, the rules should be strictly construed and so construed do not indicate an intent to impose responsibility for their enforcement on anyone but those actually engaged in, or in actual charge and control of, the work. Although Healy had the right to inspect the work during progress and to cancel the contract and take over the work itself if the safety rules were not obeyed, it did not do so and was not, therefore, actually in control, as it would have to be in order to be considered the constructor. (Cf. *Homin* v. *Cleveland & Whitehill Co.*, 281 N. Y. 484.) Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., concurs in the affirmance of so much of the judgment as is in favor of the third-party defendant-respondent against the third-party plaintiff-appellant, but dissents from the reversal of so much of the judgment as is in favor of respondent against appellant, and votes to affirm that part of the judgment, with the following memorandum: In my opinion, Healy was a " constructor " of the tunnel within the meaning of the Industrial Code. Healy was the only one who had the contract with the city to construct the tunnel on which Adair was working. In the contract with the city, Healy agreed to obey all laws, rules, and regulations, and to take precautions to protect persons on the site from damage either from its or Adair's operations. Healy paid $1,000 a month toward the cost of job supervision. Having undertaken these obligations with the city, Healy could not relieve itself of the responsibilities it assumed by subcontracting part of the tunnel construction to Adair, or possibly to some irresponsible subcontractor. That Healy may not be subject to criminal penalties is immaterial. That does not relieve it from civil liability. Only the owner or lessee directly or indirectly in control of a multiple dwelling is subject to criminal penalties for violation of provisions of the Multiple Dwelling Law (§ 304, subd. 4), yet an owner out of possession and control was held civilly liable for violation of section 78 in *Weiner* v. *Leroco Realty Corp.* (279 N. Y. 127). Regardless of who would be subject to criminal penalties for violation of the pertinent provisions of the Labor Law, an owner out of possession and control was held civilly liable for the violations involved in *Hente* v. *Shercoop Corp.* (289 N. Y. 140).