■ MICHAEL J. BRENNAN, Respondent, v. CONCRETE CONSTRUCTION CORPORATION et al., Appellants.— Appeal by the defendants from a judgment of the Supreme Court, entered in Albany County on October 27, 1969, upon a jury verdict and further by the defendant John W. Ryan Construction Company, Inc., from so much of the said judgment as dismissed its cross complaint against the defendant Concrete Construction Corporation. The plaintiff having recovered a verdict against the appellants is entitled to have the evidence viewed in the light of the most favorable inferences to him (*Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182, 185). There is ample circumstantial evidence from which the jury could find that Concrete Construction Corporation caused unsecured planks to be placed across some open steel beams for the purposes of storing its materials thereon; direct evidence that it left the premises in such condition when it had been advised that changes in the steel framework were to be made; and the jury could find that it either knew or should have anticipated that employees of another subcontractor engaged in making changes in the steel structure would be upon the steel framework. The record contains direct evidence that the John W. Ryan Construction Company, Inc., was a prime or general contractor and that its representatives knew that the planks had been placed upon the steel framework in an unsecured fashion; that it knew that the employees of the subcontractor in charge of the steel work would probably have to go upon the steel framework after the planks were placed: that it had authority to direct the work, but did not direct Concrete to remove the planks; and the jury could infer that on July 8, 1966 it was aware that the changes in the steel framework were to be commenced on that day and gave no warning that the planks upon such framework were unsecured. The plaintiff testified that he went upon the planks on July 8, 1966, to remove the same and the materials thereon from the steel framework, and that he fell when one of the planks gave way suffering the personal injuries for which he seeks damages. The court submitted the case to the jury upon the theories of common law duty to provide a safe place to work and the provisions of section 241 of the Labor Law. A subcontractor was held liable for injuries to an employee of another subcontractor under circumstances similar to the present case in *McGlone* v. *William Angus, Inc.* (248 N. Y. 197). A general subcontractor has been held liable for acts of a subcontractor creating a dangerous condition when the general subcontractor has notice thereof. (See *Schwartz* v. *Merola Bros. Constr. Corp.*, 290 N. Y. 145, 152.) It appearing that the appellants could be held directly liable in negligence to the plaintiff in this case, it does not appear that the charge of the court phrased, as it was, in terms of the requirement to provide a safe place to work either at common law or under section 241 of the Labor Law would be prejudicial, assuming that there might be error. The court properly submitted the question of the plaintiff's contributory negligence to the jury. Upon the facts in the present case the negligence of the general contractor would be active in nature and, accordingly, the trial court properly dismissed the cross complaint. Judgment affirmed, with costs to plaintiff-respondent. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.