Memorandum. The order of the Appellate Division should be affirmed for the reasons stated by that court in its memorandum. (49 AD2d 578.) We add, however, that section 241 of the Labor Law was amended in 1969, nearly two and one-half years after the accident involved in this case and, as a result, it may no longer be necessary to establish, as plaintiff was required and failed to do here, that the building owner and general contractor actively controlled, directed or supervised the work. We also note that Kelly v Diesel Constr. Div. of Carl A. Morse, Inc. (35 NY2d 1), rélied upon by the dissenting Justices at the Appellate Division, is distinguishable upon the ground that, in that case, the general contractor furnished, maintained and operated the defective instrumentality that caused the accident. More importantly, although Kelly abrogated the old rule that an owner or general contractor liable under the Labor Law could not recover against a negligent subcontractor, even if the subcontractor was solely responsible for the accident, Kelly did not alter the law respecting the first instance liability of the owner or general contractor. As *1041 the Appellate Division stated, owners and general contractors were not liable under the former provisions of the Labor Law absent a showing that they controlled, supervised or directed the work. (49 AD2d, at p 579.) Lastly, the "protective” appeal taken as of right by the defendant owner/general contractor from that portion of the Appellate Division order which reversed a judgment in its favor on its third-party complaint and dismissed the third-party complaint should be dismissed. Defendant was not aggrieved by the Appellate Division order since that order released defendant from all liability.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
On plaintiffs appeal: Order affirmed, with costs.
On third-party plaintiffs’ appeal: Appeal dismissed, without costs.