JERALDINE CARPENTER, Individually and as Administratrix of the Estate of DONALD CARPENTER, Deceased, Appellant, v WATKINS SALT COMPANY, Respondent.

Third Department, November 16, 1978

### APPEARANCES OF COUNSEL

*Wiggins, Tsapis, Holmberg & Galbraith (Dirk A. Galbraith* of counsel), for appellant.

*Thaler & Thaler (Manley H. Thaler* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

Plaintiff's intestate, Donald Carpenter, was killed on August 13, 1976 when, in the course of his employment, salt, timber and other debris in a mine shaft fell on him. The mine was owned by the defendant and leased to Cargill, Inc., Carpenter's employer. Plaintiff commenced this action for wrongful death, personal injury and loss of consortium. She alleged that the defendant, as owner of the mine, failed to provide decedent a safe place to work and failed to observe the New York State Labor Law and Industrial Code regulations. The defendant moved for an order, *inter alia,* dismissing the complaint for failure to state a cause of action, on the ground that the defendant had no control over the operation of the mine. The court chose to treat the motion as one for summary judgment. The parties were permitted to submit additional evidence, but the only evidence subsequently submitted was a copy of the lease between defendant and Cargill, Inc.

Cargill had been in possession for at least six years under the lease. The lease placed Cargill in exclusive possession and required it to keep the mine in good repair and comply with all applicable Federal, State and local laws. The lessor was given the privilege of inspecting the property and allowed to terminate the lease if the lessee failed to perform the contract obligations.

Special Term determined that there was no common-law duty for the landlord, not in possession or control of the premises, to provide a safe place for the lessee's employees to work. The court also rejected plaintiff's argument that the Labor Law (Labor Law, §§ 200, 416, 435) and the regulations (12 NYCRR 31.3 [e] [4], 31.12 [d] [3], 31.22 [c], and 31.22 [d]) impose on the owner of the mine a nondelegable duty to provide a safe place to work. (All statutory references herein are to the Labor Law, unless otherwise specified.)

The primary and dispositive issue is whether or not section 435 imposes a nondelegable duty upon the owner of a mine to comply with the provisions of section 416 of article 15.

Article 15 provides for State imposed regulations of the safety aspects of "Mines and Tunnels; Quarries; Compressed Air". Section 416 of article 15 provides: "The roofs and sides of each passageway and working place in every mine and tunnel shall be properly timbered and shall be kept secure. No person shall work in an unsafe place except to make it safe." Section 435 of article 15 provides: "Except as otherwise provided the owner, agent, lessee, manager, operator and superintendent shall be responsible for the observance of the provisions of this article."

An examination of the provisions of article 15 reveals that some sections do specify that a particular entity is responsible for their provisions. (See, e.g., Labor Law, §§ 400, 401, 426, 427, 431.) However, section 416 does *not* exempt the owner. It is contended that the provisions of section 416 together with section 435 are so similar to the language in former section 241 (pre-1969, repealed by L 1969, ch 1108) that section 435 must be construed as imposing a duty which is not absolutely specified and, therefore, is delegable to those having immediate control of the premises and/or work activity. However, in the recent case of *Allen v Cloutier Constr. Corp.* (44 NY2d 290) the Court of Appeals considered the elements which had led to the former section 241 being held to impose duties which could be delegated by owners and contractors. In partic-

ular, the former section 241 was considered as simply mandating a safe place to work and, thus, the responsibility was that of a person having control and direction. *(Allen, supra,* p 299.)

Applying the decision or rationale of *Allen v Cloutier Constr. Corp. (supra)* to sections 416 and 435, it is immediately perceived that in important aspects they are not similar to former section 241. Former section 241 provided that the board would make rules to give the statute effect, but section 416 does not require any further rule making for its effectiveness. Further, former section 241 did not make any provision for a specific protective device, but section 416 particularizes the device of "properly timbered" and that roofs and sides "be kept secure". Also, former section 241 to the extent that it mentioned safety measures did so only in the context of a safe place to work, and the Legislature in section 416 separately stated its intent that there be a safe place to work. Of course, when the Legislature amended section 241 in 1969, it expressed its intent that owners would have a nondelegable duty as to the matters specified therein *(Allen v Cloutier Constr. Corp., supra,* p 300) and the question of implied intent was no longer relevant.

We find that section 416 does not simply constitute a restatement of the common-law duty of an employer or person having direct control of premises to provide a safe place to work, and, accordingly, the attempted analogy by the defendant to former section 241 is rejected. Further, the section 416 does not require rules to effectuate the statute and, accordingly, the liability resulting from a failure to observe the mandate of the statute is absolute and nondelegable (cf. *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 298-299, *supra).*

The intent of the Legislature to make the provisions of article 15 nondelegable duties as to *all* of the persons enumerated in section 435 is inherent in the language "[e]xcept as otherwise provided". The case of *Korycka v Healy Co.* (9 AD2d 938, affd without opn 8 NY2d 968) is not controlling on the construction of section 435 with section 416 since it *(Korycka)* was concerned with section 402. Section 402 does not impose any particular duty on anyone for action or inaction as prescribed in the rules. Since the only violation in *Korycka* was of a rule, there was no nondelegable duty imposed by the statute (Labor Law, § 402) on the general contractor.

We find that, as a matter of law, sections 435 and 416

impose a nondelegable duty upon the defendant and, accordingly, the complaint states a cause of action.

It should be noted that our conclusion as to the nondelegable duty in this State is in apparent accord with the obligation of mine owners as imposed by section 45.1-104 of chapter 11 of the Mines and Mining Law of the State of Virginia[1] and section 25-2 (subd [a]) of the Labor Law of the State of Pennsylvania.[2] In the Pennsylvania case of *Addison v Westinghouse Elec. Co.* (113 Pitts. LJ 527, 529) the court stated that there is a statutory duty imposed upon both employers and property owners to properly embrace "[a]ll pits, quarries, trenches, excavations and similar operations * * * as to provide reasonable and adequate protection to workers employed therein".

■ In *Allen v Cloutier Constr. Corp.* (44 NY2d 290, 301, *supra)* the court stated: "While the duty imposed by section 241 may not be delegated, the burden may be shifted to the party actually responsible for the accident, either by way of a claim for apportionment of damages under the rule of *Dole v Dow Chem. Co.* (30 NY2d 143) or by contractual language requiring indemnification by the injured worker's employer (see *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1, 5-7)."

In our opinion, the statement would be equally applicable to section 435.

The order should be reversed, on the law, with costs, and the motion for summary judgment denied.

MAHONEY, P. J., GREENBLOTT, LARKIN and MIKOLL, JJ., concur.

---

1. "§ 45.1-104. Responsibilities of owners and operators; rules and regulations of Chief.—(a) Nothing in chapters 1 to 14 (§§ 45.1-1 to 45.1-161) of this title shall be so construed as to relieve the mine owner or operator from seeing that all of the provisions of chapters 1 to 14 of this title are strictly complied with, nor from the duty imposed at common law to secure the reasonable safety of their employees and, in the performance of those duties that are nonassignable at common law, as well as those duties required by chapters 1 to 14 of this title, the mine foreman, assistants, or fire boss, shall be considered as acting for the mine owner or operator as a vice-principal."

2. "§ 25-2. General safety and health requirements. (a) All establishments shall be so constructed, equipped, arranged, operated, and conducted as to provide reasonable and adequate protection for the life, limb, health, safety, and morals of all persons employed therein." (Pa Stat Ann, tit 43.)

Order reversed, on the law, with costs to plaintiff, and motion for summary judgment denied.