■ DONALD WHITAKER et al., Respondents-Appellants, v THOMAS C. NORMAN, JR., as Executor of THOMAS C. NORMAN, SR., Deceased, et al., Appellants-Respondents and Third-Party Plaintiffs-Respondents. TORRINGTON CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant. (And Another Related Action.)—Mercure, J.

These appeals emanate from a tragic industrial accident which occurred on July 30, 1974 when a premature detonation of explosives injured plaintiff Donald Whitaker (hereinafter Whitaker) and killed plaintiff Jean Gravelle's decedent, Gilbert J. Gravelle, Sr. (hereinafter Gravelle). At the time of the accident, both were employed by third-party defendant, Torrington Construction Company, Inc. (hereinafter Torrington), and were working in a stone quarry located west of State Route 3 near the Village of Saranac Lake, Essex County. The quarry was owned by defendants, Thomas C. Norman, Sr.,* and Olive V. Norman, his wife. These actions were brought to recover for Whitaker's injuries and Gravelle's wrongful death; defendants, in turn, commenced third-party actions against Torrington. Following exchange of pleadings and bills of particulars and depositions of defendants and Torrington, in each action defendants moved for summary judgment dismissing the complaint, Torrington cross-moved for summary judgment dismissing the complaint and the third-party complaint, and the respective plaintiffs cross-moved for summary judgment for the relief demanded in the complaint. Supreme Court denied all motions and all parties appeal.

Initially, we agree with Supreme Court that Labor Law § 241 (6) does not govern these actions. It is undisputed that the purpose of the blasting of the quarry was to permit the removal of rock and stone for subsequent processing and sale and that no building or construction activities were even

---

* After this action was commenced, defendant Thomas C. Norman, Sr., died and his son, Thomas C. Norman, Jr., was substituted as a defendant. However, for purposes of this decision, references to defendants are to Thomas C. Norman, Sr., and Olive V. Norman.

remotely involved. The requirements of Labor Law § 241, including subdivision (6), are expressly limited to the construction or demolition of buildings or excavation performed in connection with construction or demolition activities *(see, Jaroszewicz v Facilities Dev. Corp.,* 115 AD2d 159, 160; *Sprague v Louis Picciano, Inc.,* 100 AD2d 247, 249-250, *lv denied* 62 NY2d 605).* We also agree with Supreme Court's determination that Labor Law §§ 402 and 435 do not impose strict liability upon a landowner for personal injuries suffered by the employee of an independent contractor engaged in blasting activities on his land *(see, Nagy v State of New York,* 89 AD2d 199, 200; *Korycka v Healy Co.,* 9 AD2d 938, *affd* 8 NY2d 968; *cf., Carpenter v Watkins Salt Co.,* 64 AD2d 330, 331 [liability imposed under Labor Law § 416]).

Liability is to be imposed upon defendants, if at all, under Labor Law § 200, which codifies the common-law duty of owners and contractors to furnish a safe workplace *(see, Rusin v Jackson Hgts. Shopping Center,* 27 NY2d 103). However, we are of the view that the evidence presented on defendants' motions for summary judgment established prima facie their freedom from liability under Labor Law § 200. Liability will attach to an owner only when the injuries were sustained as the result of an actual dangerous condition in the workplace, as opposed to the manner in which the work is performed *(see, Rusin v Jackson Hgts. Shopping Center, supra,* at 106; *Bidetto v New York City Hous. Auth.,* 25 NY2d 848, 849), and then only if the owner exercised supervision or control over the work performed at the site or had actual or constructive notice of the unsafe condition causing the accident *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 72, *lv dismissed* 60 NY2d 554). Here, the uncontroverted evidence is that the premature explosion was caused by Gravelle's drilling of a replacement blast hole in close proximity to a hole which had already been loaded with dynamite, a circumstance having nothing at all to do with the condition of defendants' property. Further, although there is an arguable issue as to whether defendants' relationship with Torrington was governed by a comprehensive written agreement or, rather, an oral agreement, as indicated by Thomas C. Norman, Sr., the fact remains that the record is devoid of evidence of control, actual or constructive, by defendants over the work site or the manner in which the work was performed *(see, Russin v Picciano & Son,* 54 NY2d 311, 317; *Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316; *Nowak v Smith &*

*Mahoney, P. C.,* 110 AD2d 288, 289). Accordingly, defendants' and Torrington's motions for summary judgment should have been granted.

Orders modified, on the law, without costs, by reversing so much thereof as denied defendants' motion and third-party defendant's cross motion for summary judgment; said motions granted and complaints and third-party complaints dismissed; and, as so modified, affirmed. Casey, P. J., Yesawich, Jr., Levine and Mercure, JJ., concur.

Mikoll, J., concurs in part and dissents in part in a memorandum. Mikoll, J. (concurring in part and dissenting in part). Supreme Court correctly found that the issue whether defendants breached a duty to provide a safe place to work under Labor Law § 200 involves an assessment of credibility and therefore is a jury question. There is no dispute that Labor Law § 200 would be applicable if defendants exercised supervision and control over the work performed at the quarry site *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, *lv dismissed* 60 NY2d 554). Based on the record, it cannot be stated, as defendants argue, that defendants exercised no control over the premises so as to exclude them from liability under Labor Law § 200. The orders of Supreme Court should be affirmed.