*782 OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed, with costs.
We agree with the Appellate Division majority that defendant property owners cannot be held strictly liable for injuries to employees of an independent contractor hired to do the work that resulted in the harm, notwithstanding that the work was blasting, which is "inherently dangerous” (Spano v Perini Corp., 25 NY2d 11). The employer of an independent contractor is not, as a general rule, responsible for the contractor’s torts, but may be liable if the work performed is inherently dangerous (Wright v Tudor City Twelfth Unit, 276 NY 303). Such vicarious liability is designed to protect members of the public, and does not extend to an employee of the contractor hired to do the dangerous work, who (unlike members of the public) is ordinarily covered by workers’ compensation (see, Nagy v State of New York, 89 AD2d 199, 200-201). To the extent that an owner maintains control over the work or has notice of a dangerous condition on the premises, the owner of course may be directly liable to an injured employee (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299). Here, however, "the record is devoid of evidence of control, actual or constructive, by defendants over the work site or the manner in which the work was performed”. (146 AD2d 938, 939.)
Furthermore, we reject appellants’ contention that sections 435 and 402 of the Labor Law imposed on defendant property owners a nondelegable duty to ensure that only certified blasters were used. Labor Law § 435 sets forth the general requirement that quarry owners observe the provisions of article 15; Labor Law § 402 provides that "[w]hen explosives are used in a * * * quarry, the manner of storing, keeping, moving, charging and firing, or in any manner using such explosives, shall be in accordance with the rules prescribed by the [Industrial Board of Standards and Appeals].” The Board, in turn, promulgated the following regulation for quarries: "At every location where * * * quarrying operations are conducted where explosives are used, at least one person shall be designated by the owner, operator, employer or his agent to perform the duties of a blaster * * *. No person shall be designated as a blaster unless such person holds a valid certificate of competence issued by the [Industrial Commissioner of the State of New York]”. (12 NYCRR former 17.11 [a] [2], presently codified at 12 NYCRR 17.12 [a] [2].)
*783 Section 435 does not impose upon owners a nondelegable duty to comply with section 402 (see, Korycka v Healy Co., 8 NY2d 968, affg 9 AD2d 938; Carpenter v Watkins Salt Co., 64 AD2d 330). Article 15 consists of essentially two types of statutory sections. The first, typified by section 416, is a legislative prescription for certain conduct, although none of these sections specify exactly who shall be responsible for compliance with the mandated standard. The second, typified by section 402, does not itself prescribe any particular conduct but instead directs the Board to formulate regulations that will accomplish the over-all legislative objective.
By section 435 the Legislature, without unnecessary repetition throughout article 15, ensured that responsibility for the specified conduct it prescribed would fall upon the owner, agent, lessee, manager, operator and superintendent. Section 435 does not, however, apply to the second category of sections within article 15 — encompassing a variety of regulations the Board might choose to formulate, including designation by the Board of responsible parties to implement particular regulations. The very regulation before us, for example, designates the responsible parties, imposing that burden on "the owner, operator, employer or his agent” (12 NYCRR 17.12 [a] [2]).
Nor does the regulation preclude a property owner from delegating the task of selecting a blaster to another, more experienced party. The regulation states that an owner may authorize an "operator, employer or his agent” to make the required designation. Therefore in situations, as here, where the owner delegates the task of selecting a blaster to an operator, the owner cannot be said to have violated the regulation if the operator designates a noncertified blaster.* There having been no violation of the regulation by defendant property owners, the fact that a violation could be considered some evidence of negligence (see, Korycka v Healy Co., supra) is simply inapposite.
Finally, given the careful statutory and regulatory framework, there is no need for the courts to speculate (as does the dissent) about what would otherwise be sound policy. The scheme that has been put in place assures that the owner and *784 contractor each will be directly responsible for its own fault— the contractor through workers’ compensation and the owner through the tort system.

 We decline to read the regulation, as does the dissent (dissenting opn, at 786-787) to mean only that " 'the owner, operator, employer or his agent’ ” can make the designation, but that "the owner, agent, lessee, manager, operator and superintendent” in any event at all times stand responsible. This seems an unnecessarily contorted reading of a straightforward statutory scheme.