Titone, J.
(dissenting). Since my own analysis of Labor Law §§ 402 and 435 leads me to conclude that the Legislature has imposed a nondelegable duty upon mine, tunnel and quarry owners to ensure that only certified blasters are used in blasting operations, I would hold that the court below erred in dismissing the complaints in these negligence actions. Accordingly, I respectfully dissent.
If a statute or administrative regulation imposes a definite obligation upon one to provide safeguards or precautions for the safety of persons on or near his property, it is the general rule that this duty cannot be delegated to an independent contractor so as to release the person from liability in case the contractor fails to properly perform the obligation (see, Allen v Cloutier Constr. Corp., 44 NY2d 290; Conte v Large Scale Dev. Corp., 10 NY2d 20; Bruno v Almar Residences Corp., 13 AD2d 232, affd 11 NY2d 988; Semanchuck v Fifth Ave. & 37th St. Corp., 290 NY 412; Restatement [Second] of Torts § 424). Accordingly, a determination as to whether such a nondelegable duty exists in this case must turn upon an examination of the applicable statutory and administrative language.
Article 15 of the Labor Law provides for State-imposed regulations of the safety aspect of "Mines and Tunnels; Quarries; Compressed Air.” Labor Law § 435 provides that [ejxcept as otherwise provided the owner, agent, lessee, manager, operator and superintendent shall be responsible for the observance of the provisions of this article” (emphasis added). Labor Law § 402 mandates that "[w]hen explosives are used in a mine, tunnel or quarry, the manner of storing, keeping, moving, charging and firing, or in any manner using such explosives, shall be in accordance with the rules prescribed by the board” (emphasis added). Finally, the applicable Board regulation for quarries requires the "owner, operator, employer or his agent” to designate as blaster an individual possessing a valid certificate of competence as provided by the regulations (12 NYCRR former 17.11 [a] [2], presently codified at 12 NYCRR 17.12 [a] [2] [emphasis added]).
It is apparent from the statutory scheme that the Legislature has sought to impose a nondelegable duty on the persons enumerated in section 435 to observe all of the provisions of article 15 of the Labor Law "[e]xcept as otherwise provided” *785 (see, Carpenter v Watkins Salt Co., 64 AD2d 330, 333; Restatement [Second] of Torts § 424). Section 402, which affirmatively requires that the use of explosives be in accordance with Board rules, neither limits its requirements to a narrower class than is named in section 435 nor specifically exempts owners from compliance. Thus, section 402 may be contrasted with other provisions of article 15 which specifically limit the particular entity which is responsible for ensuring compliance (see, e.g., Labor Law §§400 [operator], 401 [operator], 426 [employer], 427 [employer], 431 [employer or person in charge]). That section 402 does not specifically place this duty on an owner is not critical, since section 435 provides the foundation upon which this nondelegable duty is created. Moreover, the terms of the applicable regulation impose an affirmative duty on an owner to ensure that only a certified blaster is used. Since section 435 creates the general affirmative duty on an owner to comply with the provisions of article 15 of the Labor Law, and section 402 requires that Board regulations be followed when explosives are used, and 12 NYCRR 17.12 (a) (2) requires an owner to designate a certified blaster, it is apparent that a nondelegable duty exists (see, Koenig v Patrick Constr. Corp., 298 NY 313, 318).
I disagree with the majority’s conclusion that section 435 "does not impose upon owners a nondelegable duty to comply” with section 402 (majority mem, at 783) because it "does not itself prescribe any particular conduct” (id.). Contrary to the majority’s view, the conduct which section 402 mandates is the duty of ensuring that Board regulations are followed when explosives are used. The majority’s attempt to contrast the obligation imposed under section 402 with that of Labor Law § 416 is not persuasive (id.). Section 416 states that, "[t]he roofs and sides of each passageway and working place in every mine and tunnel shall be properly timbered and shall be kept secure” (emphasis added). This duty is fundamentally no different from section 402’s requirement that the use of explosives "shall be in accordance with the rules prescribed by the board” (Labor Law § 402 [emphasis added]). Both sections 416 and 402 impose a specific safety-oriented obligation upon the individuals listed in section 435. That the former statute specifically lists the safety requirements, and the latter mandates compliance with Board rules is not dispositive (compare, Allen v Cloutier Constr. Corp., supra, with Conte v Large Scale Dev. Corp., supra).
In addition, the majority’s reliance on Korycka v Healy Co. *786 (9 AD2d 938, affd no opn 8 NY2d 968) is misplaced (majority mem, at 783). There, the applicable rule promulgated under section 402 applied by its terms only to the "constructor” of the tunnel. "Constructor” was defined as " 'the person, firm or corporation in general control and supervision’ ” (id., at 939 [emphasis added]). Consequently, the dispute in that case was whether the general contractor, who had not conducted the blasting operation, was " 'in general control and supervision’ ” of the tunnel, within the meaning of the applicable rule (id.). Here, by contrast, the applicable rule specifically applies to owners, and does not require an owner to be in general control and supervision. Thus, Korycka is not dispositive. In addition, applying the majority’s construction of the statutes, it would have been unnecessary for the Korycka court to determine whether the rule was applicable to the general contractor since the blasting had been delegated to the subcontractor. If the duty to comply with Board rules was, indeed, delegable, it would have been unnecessary to determine the applicability of the rule to the general contractor.
Finally, that the regulation allows an "owner, operator, employer or his agent” to designate the blaster does not change the nature of the duty (majority mem, at 783). While the physical act of designating a certified blaster may be done by someone other than the owner, the duty to ensure that this act is accomplished is still upon the owner at all times. The purpose underlying the imposition of a nondelegable duty is not to limit who can perform a given task (see, Allen v Cloutier Constr. Corp., supra [task performed by various subcontractors but duty imposed upon owner]; Conte v Large Scale Dev. Corp., supra [task performed by subcontractor but duty imposed upon general contractor and owner]), but rather to ensure that the act is done properly, and that the person upon whom the obligation is imposed cannot escape liability by simply delegating the task to another (see, supra, at 783).
I agree with the majority that "[t]he very regulation before us * * * designates the responsible parties, imposing that burden on 'the owner, operator, employer or his agent’ ” (majority mem, at 783). By specifically listing who has the duty to designate a blaster, the Board has specifically removed the nondelegable duty of compliance, imposed by sections 435 and 402, from the other parties listed under section 435. Thus, the "lessee, manager, operator and superintendent” are specifically relieved of their nondelegable duty to comply with the regulation and fall within the "[e]xcept as otherwise provided” *787 language of section 435. The owner, however, does not. Apparently, the majority has misconstrued my interpretation of the statutory scheme (see, majority mem, at 783, n).
Similar to this case is Conte v Large Scale Dev. Corp. (supra). There, this court examined an earlier version of section 241 of the Labor Law, which required owners and contractors "to comply with rules made by the board 'for the protection of workmen in connection with the excavation work for the construction of buildings, the work of constructing or demolishing buildings and structures, and the guarding of dangerous machinery used in connection therewith’ ” (id., at 26). The applicable Board rule pertained to the construction requirements for ramps and runways (id.). This court concluded that the statute and rule cast a nondelegable duty upon both the owner and general contractor to ensure that a properly constructed ramp was present at the construction site, and allowed an employee of the subcontractor to sue both the owner and general contractor for failing to provide adequate ramping. As did the statutory scheme examined in Conte, the combination of Labor Law §§ 435 and 402 place an affirmative duty upon an owner to comply with the applicable rule requiring the presence of a certified blaster.
Imposing such a nondelegable duty on the owner is supported by sound policy reasons since it promotes the salutary purpose of ensuring that the "inherently dangerous” activity of blasting is, at least, conducted by someone who is aware of all of the rules and regulations pertaining to the use of dangerous explosives. Indeed, the statutory framework is denotative of the express recognition that the failure to use a certified blaster poses a grave risk of harm to employees as well as third parties. Thus, the burden of minimizing risk has properly been placed upon all persons associated with a blasting operation including an owner who may not otherwise exercise control or supervision over the project (see. Restatement [Second] of Torts §§ 424, 427A). Here, for instance, there is some evidence that the uncertified blaster used by third-party defendant Torrington may not have been aware of all of the applicable blasting regulations.
In this regard, imposing liability on the owner is designed to create a safe working environment , as well as provide protection to third parties. In addition, owner liability serves as a deterrent as well as a source of tort recovery for an injured worker. Moreover, in other situations, the Legislature has provided workers protections in addition to workers’ compen *788 sation (see, e.g., Allen v Cloutier Constr. Corp., supra [discussing amendment to Labor Law §241]). Thus, the majority is incorrect in its assumption that the statutory scheme should be read so as to "assure[ ] that the owner and contractor each will be directly responsible for its own fault — the contractor through workers’ compensation and the owner through the tort system.” (Majority mem, at 783-784). By failing to hold owners liable under these statutes and regulations, the majority has enabled owners to insulate themselves from liability by simply removing themselves from the operation thereby ensuring that they have no control or supervision over the blasting operation (see, e.g., Kappel v Fisher Bros., 6th Ave. Corp., 39 NY2d 1039, 1041). This will only encourage owners to hire a contractor based upon price alone instead of the contractor’s regard for safety (see, Allen v Cloutier Constr. Corp., supra, at 299-300). Such a result could not have been desired by the Legislature.
Finally, imposing such a nondelegable duty on an owner is not overly burdensome. In selecting a contractor, the owner is free to insist upon one who is financially responsible, safety conscious and willing to provide contractual indemnification for injuries to the contractor’s employees (see, id.., at 298; Kelly v Diesel Constr. Div., 35 NY2d 1, 5-7; Restatement [Second] of Torts § 413, comment a).
Although I conclude that respondents were under a nondelegable duty, I recognize that a distinction exists "between the effect of a violation of an administrative regulation promulgated pursuant to statute, and a violation of a substantive provision of the statute itself’ (Allen v Cloutier Constr. Corp., supra, at 298; see, Bergen v East 84th St. Constr. Co., 16 NY2d 644; Prosser, Torts § 36, at 197-198 [4th ed]). A breach of the former is considered " 'some evidence of negligence which the jury [can] take into consideration with all the other evidence bearing on that subject’ ” (Conte v Large Scale Dev. Corp., supra, at 29), whereas a breach of the latter can result in absolute liability (Allen v Cloutier Constr. Corp., supra, at 298). Here, the duty breached, i.e., to retain only certified blasters, is imposed only by virtue of administrative regulation. Thus, respondents’ breach is merely some evidence of negligence.
Nonetheless, it is sufficient to create a triable question of fact as to whether respondents may be held liable. If, using this and other evidence, appellants are able to persuade the trier of fact that respondents were, indeed, negligent in failing *789 to ensure that a certified blaster was present, and that this failure was the proximate cause of the injuries complained of, they would be entitled to recover damages. Accordingly, summary judgment should not have been granted. I would reverse the orders of the Appellate Division which dismissed appellants’ complaints and respondent’s third-party complaint, and permit the case to proceed to trial.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone dissents and votes to reverse in an opinion.
In each case: Order affirmed, with costs, in a memorandum.