DAVID C. RAPP, Respondent, v ZANDRI CONSTRUCTION CORPORA-
TION et al., Defendants and Third-Party Plaintiffs-Appel-
lants-Respondents. PAUL VORGANG et al., Third-Party De-
fendants-Respondents-Appellants, et al., Third-Party De-
fendants.

Third Department, May 9, 1991

**APPEARANCES OF COUNSEL**

*Francis E. Lehner (Kevin P. Fouhy* of counsel), for Zandri Construction Corporation, defendant and third-party plaintiff-appellant-respondent.

*Roemer & Featherstonhaugh, P. C. (Nancy Bergman, Melissa J. Smallacombe* and *Michael J. Kohn* of counsel), for Gael Coakley and another, defendants and third-party plaintiffs-appellants-respondents.

*Bohl, Clayton, Komar & Della Rocca, P. C. (Kathryn Barber* and *Charles A. Bohl* of counsel), for third-party defendants-respondents-appellants.

*Pentak, Brown, & Tobin (Sheri T. Murphy* and *Thomas W. Brown* of counsel), for respondent.

**OPINION OF THE COURT**

MERCURE, J.

Plaintiff, a carpenter's helper employed by third-party defendants Paul Vorgang and Paul W. Vorgang General Contracting (hereinafter collectively referred to as Vorgang), was injured in September 1985 when a pneumatic staple gun operated by a co-worker, third-party defendant Mark Suitto, was discharged, sending a staple into plaintiff's right eye. The accident occurred at a construction site owned by defendants Gael Coakley and Karen Coakley. Vorgang was hired as a subcontractor by defendant Zandri Construction Corporation, the general contractor for the project.

At the time of his injury, about 15 minutes before the end of the normal workday, plaintiff was in the process of picking up tools and cleaning up the work site. Suitto was on a ladder stapling sheets of plywood when plaintiff took some of Suitto's soda. As a result, Suitto came down the ladder, approached plaintiff, shouted an obscenity at him and fired three staples at the ground at plaintiff's feet. It was one of these staples that ricocheted and struck plaintiff in the eye.

Claiming, among other things, that Vorgang did not provide safety glasses for him to wear at the jobsite, plaintiff brought this action setting forth causes of action based upon negligence and defendants' alleged violations of Labor Law §§ 200 and 241 (6). Zandri and the Coakleys then commenced third-party actions against Vorgang. Following discovery, Zandri moved for summary judgment dismissing the complaint, cross claims and counterclaims, and Vorgang and the Coakleys made separate cross motions for summary judgment dismissing all claims against them. Supreme Court denied all motions and the Coakleys, Vorgang and Zandri appeal.

■ Turning first to plaintiff's claim based upon defendants' violation of Labor Law § 200, we note that this section merely codifies the common-law duty of owners and general contractors to furnish a safe workplace (*Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299). As a general rule, where, as here, the claimed defect is not in the land itself but, rather, arises out of a subcontractor's own methods or negligent acts occurring as a detail of a subcontractor's work, the duty is not breached (*see, Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145; *Hess v Bernheimer & Schwartz Pilsener Brewing Co.,* 219 NY 415, 418-419; *Whitaker v Norman,* 146 AD2d 938, 939, *affd* 75 NY2d 779, 782; *Lagzdins v United*

*Welfare Fund-Security Div. Marriott Corp.,* 77 AD2d 585, 587). However, in the exceptional case where an owner or contractor actually exercises supervisory control over a subcontractor's work, liability may nonetheless be imposed *(see, Brogan v International Business Machs. Corp.,* 157 AD2d 76, 80; *Karian v Anchor Motor Frgt.,* 144 AD2d 777, 778; *cf., Lagzdins v United Welfare Fund-Security Div. Marriott Corp., supra).* We do not subscribe to the Fourth Department view, though, that an owner or contractor's mere *knowledge* of a subcontractor's unsafe work practices will impose liability in the absence of an actual right to control the activity *(compare, Russin v Picciano & Son,* 54 NY2d 311, 317; *Lafleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691, 692; *Mancini v Cappiello Realty Corp.,* 144 AD2d 154, 155, *lv denied* 73 NY2d 708; *Karian v Anchor Motor Frgt., supra; Karaktin v Gordon Hillside Corp.,* 143 AD2d 637, 639; *Nowak v Smith & Mahoney,* 110 AD2d 288, 289; *Ramos v State of New York,* 34 AD2d 1056, *lv denied* 28 NY2d 487; *with Callari v Pellitieri,* 130 AD2d 935, 936-937; *Mascellino v Buffalo Gen. Hosp.,* 123 AD2d 507; *De Crisci v P & C Food Mkts.,* 107 AD2d 1029, 1030-1031; *Nagel v Metzger,* 103 AD2d 1, 9; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 72-73, *lv dismissed, appeal dismissed* 60 NY2d 701). Thus, to establish a valid claim, a plaintiff must show that the parties to be charged with a duty under Labor Law § 200 had "control of the site of the injury and notice, actual or constructive, of the unsafe condition" *(Karian v Anchor Motor Frgt., supra,* at 778).

In the instant case, the Coakleys' prima facie showing that they had no "contractual or other actual authority to control the activity bringing about the injury" *(Nowak v Smith & Mahoney, supra,* at 289; *see, Allen v Cloutier Constr. Corp., supra)* was uncontroverted. Accordingly, Supreme Court should have granted their motion as it related to negligence and Labor Law § 200. In contrast, however, Supreme Court correctly determined that a triable issue of fact exists regarding plaintiff's Labor Law § 200 claim against Zandri. There is support in the record for plaintiff's assertion that, as general contractor, Zandri supervised the jobsite on a daily basis, coordinated the work of subcontractors and had actual knowledge of episodes of horseplay involving Vorgang employees, which it brought to Vorgang's attention prior to plaintiff's accident. This evidence was sufficient to raise a factual issue as to whether Zandri assumed supervision and control over the construction site *(see, Brogan v International Business*

*Machs. Corp., supra; Pritchard v Murray Walter, Inc.,* 157 AD2d 1012, 1013-1014; *Brennan v Concrete Constr. Corp.,* 38 AD2d 639, *lv denied* 30 NY2d 482).

■ We also reject Zandri's contention that Suitto's misuse of the staple gun constituted a superseding, intervening act which was the proximate cause of the accident as a matter of law. It is well established that, because the determination of legal causation turns upon whether the injury was a foreseeable result of a defendant's conduct, the issue is generally for the fact finder to resolve *(Kriz v Schum,* 75 NY2d 25, 34). A plaintiff need only show that his injury was substantially caused by the defendant's negligent conduct *(Kush v City of Buffalo,* 59 NY2d 26, 32-33) and "need not demonstrate * * * that the precise manner in which the accident happened * * * was foreseeable" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Here, it was clearly foreseeable that a staple gun used at the site could eventually discharge a staple and injure the eye of someone in the vicinity who was not wearing safety glasses *(cf., Santiago v New York City Hous. Auth.,* 101 AD2d 735, 736, *affd* 63 NY2d 761).

■ Finally, Supreme Court properly rejected defendants' contention that plaintiff failed to establish a prima facie case under Labor Law § 241 (6). That section imposes a nondelegable duty upon owners and contractors, irrespective of their control or supervision of the work site, to provide reasonable and adequate protection to those involved in construction, excavation or demolition work *(see, Kelleher v First Presbyt. Church,* 158 AD2d 946, 947, *lv dismissed* 75 NY2d 947; *Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 316). On this record, we cannot determine the applicability of implementing rules of the Industrial Code dealing with, among other things, the need to provide eye protection equipment (12 NYCRR 23-1.8 [a]) as a matter of law *(see, Shaheen v International Business Machs. Corp.,* 157 AD2d 429, 433).

Weiss, J. P., Mikoll, Yesawich Jr., and Levine, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendants Gael Coakley and Karen Coakley; cross motion granted to the extent of dismissing so much of the complaint as alleges a cause of action against said defendants based on negligence and Labor Law § 200; and, as so modified, affirmed.