■ LOUIS ALFIERI, JR., et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent and Third-Party Plaintiff-Respondent. DYNAMIC PAINT CORPORATION/MARKE DECORATING CORP., a Joint Venture, Third-Party Defendant-Respondent.— Judgment, Supreme Court, Bronx County (Bernard Burstein, J.), entered August 27, 1992, dismissing the complaint, following a jury verdict in favor of defendant, unanimously affirmed, without costs.

Order, Supreme Court, Bronx County, entered on January 31, 1992, denying plaintiff's post-trial motion to set aside the verdict and to direct a new trial, unanimously affirmed, without costs.

Plaintiff, an employee of the third-party defendant Dynamic Paint Corporation/Marke Decorating Corp., a Joint Venture, commenced this personal injury action against defendant the New York City Transit Authority to recover damages for injuries allegedly sustained due to violations of the Labor Law and common law negligence.

Since the evidence adduced at trial reveals that plaintiff was not engaged in any "construction, excavation or demolition work" at the time of the incident within the purview of Labor Law § 241 (6) *(see, Whitaker v Norman,* 146 AD2d 938, 938-939, *affd* 75 NY2d 779), the trial court properly declined to instruct the jury on defendant's potential liability under those sections. Furthermore, the court properly declined to charge the jury with respect to Labor Law § 240 (1) as the hazards in the within case, the purported electrical shock and burns, are unrelated to the elevation of the subway platform roof on which plaintiff was walking *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Tuohey v Gainsborough Studios,* 183 AD2d 636, 637-638). Indeed, the jury specifically found plaintiff had *not* fallen from the roof.

Plaintiff's contention concerning the court's failure to charge the jury on defendant's purported negligence in failing to supervise the work site was not raised at trial, and therefore may not be considered now for appellate review as a matter of law *(see, Robillard v Robbins,* 78 NY2d 1105; *Mc-*

*Cummings v New York City Tr. Auth.,* 177 AD2d 24, *lv granted* 183 AD2d 1111).

We have considered plaintiff's remaining contention pertaining to the adequacy of the court's charge and find it to be without merit. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.