■ LILLIAN HOUDE, Individually and as Administratrix of the Estate of DOUGLAS J. HOUDE, Deceased, Respondent-Appellant, v H. HUDSON BARTON, Individually and as Trustee of the Trust Created by Agreement dated August 25, 1953, et al., Appellants-Respondents, et al., Defendant. (And a Third-Party Action.) [609 NYS2d 411] —Weiss, J. Cross appeals from an order of the Supreme Court (Dier, J.), entered October 13, 1992 in Warren County, which, inter alia, denied cross motions for summary judgment by plaintiff and certain defendants.

In this lawsuit by plaintiff against five defendants sued individually and as trustees (hereinafter the Barton Trust defendants) under a certain trust created by agreement dated August 25, 1953 (hereinafter the Barton Trust), Milton H. Hansen and Schenectady Steel Company, Inc., this Court is called upon to determine whether Labor Law §§ 200, 240 (1) or § 241 (6) impose liability upon any or all of the named defendants for an accident which occurred on June 5, 1987 resulting in the death of plaintiff's decedent.

The facts briefly stated are that certain real property situated on Ruby Mountain in Warren County was conveyed to the Barton Trust, which in turn leased the property to Barton Mines Corporation, a Pennsylvania corporation, for a term of 72 years pursuant to a written lease dated July 1, 1979 for the purpose of mining and refining garnet ore from the mountain. An elevated overland conveyor system was constructed and installed to carry crushed ore from the base of the mountain to the Ruby Mill, located approximately 413 feet up the mountain, for further processing. Hansen was retained by Barton Mines on January 29, 1979 to provide engineering services in connection with, inter alia, construction of the foundations for buildings and the steel superstructure for the overland conveyor, and Schenectady Steel contracted with Barton Mines to design, construct and maintain the overland

conveyor system. Decedent, employed by Barton Mines as an oiler, sustained fatal injuries when he either fell or climbed through an opening between the steel framework of the conveyor and adjoining walkway and was crushed by the take-up pulley.

Plaintiff commenced this wrongful death action alleging causes of action in negligence and violations of Labor Law §§ 200, 240 and 241 against all defendants. Following extensive disclosure, Hansen moved for summary judgment dismissing the complaint and the Barton Trust defendants and Schenectady Steel cross-moved for similar relief. Plaintiff also cross-moved for partial summary judgment against the Barton Trust defendants. Supreme Court granted the cross motion by Schenectady Steel, made without opposition, and denied all other motions from the bench. Hansen and the Barton Trust defendants appeal and plaintiff has cross-appealed.

I

*Liability Under Labor Law § 200*

Labor Law § 200 codifies the landowners' and general contractors' common-law duty to provide employees with a safe workplace[1] *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Jock v Fien,* 80 NY2d 965, 967), and in essence requires all workplaces to be safe and that employees be provided reasonable and adequate protection from machinery and equipment. Central to any recovery under Labor Law § 200 is a demonstration that the owner or general contractor exercised some degree of supervisory control over the operation *(e.g., Lombardi v Stout,* 80 NY2d 290, 295; *Kappel v Fisher Bros., 6th Ave. Corp.,* 39 NY2d 1039, 1041). Put another way, "an owner or general contractor [sh]ould not be held responsible for the negligent acts of others over whom [the owner or general contractor] had no direction or control" *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299), and unless they had actual or constructive notice of the alleged unsafe

1. Labor Law § 200 (1) provides: "All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons."

condition that caused the accident[2] *(see, Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796; *Comes v New York State Elec. & Gas Corp.,* 189 AD2d 945, *affd* 82 NY2d 876; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639; *Karian v Anchor Motor Frgt.,* 144 AD2d 777; *Mancini v Cappiello Realty Corp.,* 144 AD2d 154, *lv denied* 73 NY2d 708).

The Barton Trust defendants argue that they had no control over the mining operations on Ruby Mountain and point to the 72-year lease with Barton Mines. The Barton Trust defendants further contend that they did not retain any responsibility for the construction, maintenance or repair of the mine or the right to inspect or supervise its operation *(see, Comes v New York State Elec. & Gas Corp., supra).* In opposition, plaintiff directs our attention to the deposition testimony of Peter Barton, vice-president of Barton Mines, who disclosed that certain of the Barton Trust defendants also served as directors of Barton Mines and were beneficiaries of the Barton Trust. This witness, as did others, further stated that he personally participated in the design, construction and several other phases of the mine development. Defendant H. Hudson Barton testified that only Barton family members held shares of stock in Barton Mines.

From the foregoing, we find conflicting evidence sufficient to frame for resolution by a trier of the fact the issue of whether the Barton Trust defendants either exercised control of the development and operation of Barton Mines and/or were chargeable with actual or constructive notice of the alleged dangerous condition of the overland conveyor. In these circumstances, summary judgment dismissing the Labor Law § 200 cause of action would be improper.

## II

### *Liability under Labor Law § 240 (1)*

Labor Law § 240 (1), which is often referred to as the

---

2. We note there are cases which hold that an owner or general contractor may be held liable for the negligence acts of others under Labor Law § 200 "[t]o the extent that an owner maintains control over the work *or* has notice of a dangerous condition on the premises, the owner of course may be directly liable to an injured employee" *(Whitaker v Norman,* 75 NY2d 779, 782 [emphasis supplied]; *see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299, *supra; see also, DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 72, *appeal dismissed* 60 NY2d 701). However, in neither *Whitaker v Norman (supra)* nor *Allen v Cloutier Constr. Corp. (supra)* was notice, actual or constructive, an issue.

"scaffold law", imposes a nondelegable duty and absolute liability upon owners or contractors who fail to provide specified safety devices necessary for protection of workers subject to the risks inherent in elevated work sites who are injured as the proximate cause of such failure *(Jock v Fien,* 80 NY2d 965, 967-968, *supra; see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509).* The purpose of the statute is to protect workers and to impose the responsibility for safety practices on those best situated to bear that responsibility *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 519; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500, *supra; Rocovich v Consolidated Edison Co., supra,* at 513). A violation of the statute will cast an owner in liability even though it exercised no control over, or supervision of, an independent contractor who performed the job *(Rocovich v Consolidated Edison Co., supra; Haimes v New York Tel. Co.,* 46 NY2d 132, 136-137). It has recently been held that "[l]iability rests upon the fact of ownership" and whether the Barton Trust had "contracted for the work or benefitted from it are legally irrelevant" *(Gordon v Eastern Ry. Supply,* 82 NY2d 555, 560). The very presence of the overland conveyor on the Barton Trust property was the direct result of its actions in leasing the property for the operation of a garnet ore mine and processing plant, and established a sufficient nexus for liability to attach to it as owner *(see, supra).*

The Barton Trust defendants have predicated their position on the claim that decedent was not engaged in an enumerated activity protected under Labor Law § 240 (1) and rely upon *Jock v Fien (supra),* in which the Court of Appeals held that the plaintiff, whose work of fabricating septic tank molds "during the normal manufacturing process did not involve 'erection, demolition, repairing, altering, painting, cleaning or pointing, * * * or 'construction' " *(supra,* at 968, quoting Labor Law § 240 [1]; § 241 [6]). Although the Barton Trust defendants contend that decedent was an oiler in the mill who did not have any duties or responsibilities on the conveyor nor any reason to be on it, the record shows that, at least on occasion, employees in the mill assisted with repairs to the conveyor. The record further shows that decedent's grease gun was found on the walkway near the opening next to the take-up pulley and that his knife and paintbrush were found on the ground beneath the take-up pulley. There was also testimony that the tools decedent usually carried included a screwdriver and a wrench, both of which were also found on

the ground beneath the accident scene. Because the accident was unwitnessed and no one testified to what decedent was doing before he ascended the walkway, a triable question of fact has been presented for resolution by a jury of whether decedent was performing any of the work enumerated in the statute. The motion for summary judgment dismissing this cause of action was therefore properly denied.

Conversely, we find that plaintiff's motion for summary judgment on her Labor Law § 240 (1) cause of action against the Barton Trust defendants was also properly denied. Notwithstanding her showing in opposition to the Barton Trust defendants' dismissal motion, as well as the affidavit from her expert assigning liability for failure to provide proper safety devices, those defendants have raised triable issues of fact as to the application of Labor Law § 240 (1) and proximate causation. The deposition testimony of the supervisory persons and the accident report by the United States Department of Labor Mine Safety and Health Administration posit that "[f]or reasons unknown, the victim apparently climbed off the walkway underneath the conveyor, lowered himself to an angle iron and/or one side of the counterweight box, and became entangled in the moving assembly". The existence of these factual issues requires resolution by a jury, thus making plaintiff's motion for summary judgment on this cause of action inappropriate.

### III

#### Liability under Labor Law § 241 (6)

We reach a different conclusion with respect to the motion by the Barton Trust defendants for summary judgment dismissing the Labor Law § 241 (6) cause of action. The introductory paragraph to that statute requires that all contractors and owners, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places" (Labor Law § 241 [6]).

Although we are instructed that the scope of the statute was not intended to be limited to building sites (see, Mosher v State of New York, 80 NY2d 286, 289; Tilkins v City of

*Niagara Falls,* 52 AD2d 306; *see also, Celestine v City of New York,* 59 NY2d 938; *Page v State of New York,* 56 NY2d 604), we nonetheless believe that the injuries must necessarily have resulted from an accident in which construction, demolition or excavation was being performed. In each of the cited cases, construction work was being performed. In contrast, here, because decedent concededly was not involved in construction or demolition of buildings or in excavations associated therewith *(see, e.g., Jock v Fien,* 80 NY2d 965, 968, *supra; Whitaker v Norman,* 146 AD2d 938, 938-939, *affd* 75 NY2d 779), summary judgment dismissing the Labor Law § 241 (6) cause of action should have been granted.

Finally, we find that summary judgment dismissing the complaint against Hansen should have been granted. The record supports Hansen's argument that his agreement with Barton Mines to perform architectural services specifically limited his duties and responsibilities to design of the foundations for the buildings and the overland conveyor system and to design the structural steel for the superstructure of the conveyor. Barton Mines was the general contractor which selected, acquired and installed the machinery, and constructed the buildings. Barton Mines assumed responsibility for compliance with all Federal and State rules and regulations. Hansen is therefore not liable under Labor Law § 200 because he neither directed nor controlled the work, and was specifically exempted from liability under Labor Law §§ 240 and 241 by the terms of those sections *(see, Nowak v Smith & Mahoney,* 110 AD2d 288; *see also, Russin v Picciano & Son,* 54 NY2d 311, 317-318). Hansen's motion should therefore have been granted.

Cardona, P. J., Mercure, Casey and Yesawich Jr., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants H. Hudson Barton, Clarence J. Lewis, A.D. Barton, Jr., H. Hudson Barton, IV and Thomas C. Lewis for summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6) and the motion by defendant Milton H. Hansen for summary judgment dismissing the complaint against him; motions granted to that extent; and, as so modified, affirmed.