■ Joe Mannino et al., Appellants, v Seasons Affiliates et al., Respondents. [670 NYS2d 492] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered October 7, 1997, dismissing the complaint as against defendants Seasons Affiliates and 1260 Herald Corp. and dismissing all claims but that sounding in common-law negligence as against defendant Herald Hotel Associates, unanimously affirmed, without costs.

Respecting the dismissal of plaintiff's Labor Law § 240 (1) claim, we note that although plaintiff was injured while standing on a scaffold, inasmuch as his injury allegedly derived from a problem in the placement of the scaffold that was " 'wholly unrelated to the hazard which brought about its need in the first instance' " (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501, quoting 180 AD2d 385, 394 [Mercure, J., concurring in part and dissenting in part]), namely, that the scaffold was positioned at a distance from the work surface so that plaintiff was caused to hold his body in an awkward position to perform his job, we agree that plaintiff's injury was the result of "the

usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by [the] Labor Law" (*Rodriguez v Tietz Ctr.*, 84 NY2d 841, 843).

We perceive no inconsistency in the motion court's decision to dismiss plaintiff's claims under Labor Law § 200 while permitting his continued assertion of a common-law negligence claim alleging negligent supervision. An owner is not liable under Labor Law § 200 unless injuries result from an actual dangerous condition at the worksite. Thus, where as here the operative allegation is simply that the work was negligently supervised and not that there was a defect in the worksite, the Labor Law § 200 claim was properly dismissed (*see, Whitaker v Norman*, 146 AD2d 938, 939, *affd* 75 NY2d 779). However, since the evidence raises issues both as to whether Herald Hotel Associates was on notice of the circumstance that allegedly caused plaintiff's injury and as to whether it supervised plaintiff's work on the day he was injured, plaintiff's common-law negligence claim was properly retained at this juncture. We have considered plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Williams, Tom and Andrias, JJ.