■ HERMAN I. WALKER, Appellant, v METRO-NORTH COMMUTER RAILROAD et al., Respondents, et al., Defendants. METRO-NORTH COMMUTER RAILROAD et al., Third-Party Plaintiffs-Respondents, v BRONZE SALES, INC., Third-Party Defendant-Respondent. [707 NYS2d 165] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 4, 1998, which, *inter alia*, denied plaintiff's cross motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim and granted summary judgment to defendants dismissing plaintiff's Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Labor Law § 240 was never intended to cover an injury from electrical shock sustained by a worker on a scaffold caused by a dangling electrical extension cord that made contact with a live wire below the scaffold (*see, Alfieri v New York City Tr. Auth.*, 190 AD2d 594, *lv denied* 82 NY2d 655). Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BLUNT, Appellant. [707 NYS2d 830] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered December 3, 1997, convicting defendant, after a nonjury trial, of six counts of robbery in the second degree, and sentencing him to concurrent terms of 2¼ to 4½ years, unanimously affirmed.

Upon learning new facts during this nonjury trial, the court properly reopened the *Wade* hearing, whereupon it suppressed the out-of-court identification. In addition, the court found that an independent source for the identification existed, giving great weight to the complainant's ability to remember defendant's face as the result of past encounters (*see, People v Brown*, 34 NY2d 879).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.