■ DAVID A. MOSHER, Respondent, v COUNTY OF RENSSELAER et al., Appellants. (And a Third-Party Action.) [649 NYS2d 94] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered December 12, 1995 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff allegedly was injured on April 8, 1992 while performing construction work on a building owned by defendant County of Rensselaer. The County had contracted with defendant MLB Industries, Inc., the construction manager for the project, and defendant McGrath Industries, Inc., a contractor, the latter of which in turn subcontracted certain masonry work to plaintiff's employer, third-party defendant.

At the time of the accident, plaintiff and a co-worker, Kevin Ducharme, were attempting to lower an outrigger, which is a device used to support the foot planks on a scaffold that had been erected at the site. To accomplish this task, plaintiff stood on the lower level of the scaffold and raised the planks that had been resting on the outrigger above his head. Following an unsuccessful attempt to free the outrigger with his hands, Ducharme kicked it loose and, as he did so, the outrigger "popped up" eight or nine inches and struck plaintiff squarely in the face, allegedly causing serious injuries.

Plaintiff thereafter commenced this action sounding in common-law negligence and asserting violations of Labor Law §§ 200 and 240 (1) and § 241 (6). Following joinder of issue and discovery, defendants jointly moved for summary judgment dismissing the complaint contending, *inter alia*, that plaintiff

did not sustain an elevation-related injury.[1] Supreme Court denied the motion and this appeal by defendants followed.

Initially, we agree with defendants that plaintiff's injury does not fall within the purview of Labor Law § 240 (1). It is well settled that Labor Law § 240 (1) imposes absolute liability upon owners and contractors for injuries suffered by workers that were proximately caused by the failure to provide or erect those safety devices necessary to protect workers from elevation-related hazards and risks (see, Jock v Fien, 80 NY2d 965, 967-968; Vona v St. Peter's Hosp., 223 AD2d 903, 904). In determining the scope of Labor Law § 240 (1), the Court of Appeals repeatedly has held that the statute does not encompass every hazard, danger or peril connected in some tangential way with the effects of gravity (see, e.g., Misseritti v Mark IV Constr. Co., 86 NY2d 487, 490-491; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501); rather, the exceptional hazards posed by elevation differentials "are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (Ross v Curtis-Palmer Hydro-Elec. Co., supra; see, Misseritti v Mark IV Constr. Co., supra; Kelleher v Power Auth., 211 AD2d 918, 919).

Applying these principles to the matter before us, it is apparent that plaintiff's accident did not result from the class of elevation-related hazards contemplated by Labor Law § 240 (1). Although the record reveals that plaintiff was standing on raised scaffolding at the time of the accident and, further, that he was working approximately three feet below Ducharme when he was struck by the outrigger, plaintiff's contention that the outrigger fell on him from above is belied by his own examination before trial testimony.

"Q Okay. Do you know how the outrigger hit into [sic] your face? Did it drop, did it hit sideways or did it skin down?

"A It directly impacted my face.

"Q From the side or from the top?

"A Straight in."

Similarly, when questioned at his examination before trial regarding plaintiff's location vis-à-vis the outrigger, Ducharme testified that plaintiff's head was "even with the outrigger" and that as he kicked the outrigger loose, it "popped up" and hit plaintiff in the face. In our view, such testimony plainly

---

1. In the interim, McGrath commenced a third-party action against plaintiff's employer.

reveals that plaintiff was not struck by a falling object.[2] Accordingly, defendant's motion for summary judgment dismissing plaintiff's claim under Labor Law § 240 (1) should have been granted.

Defendants next contend that Supreme Court erred in failing to dismiss plaintiff's claim under Labor Law § 200, which codifies the common-law duty imposed upon an owner or general contractor to provide workers with a safe place to work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). We cannot agree. Assuming, without deciding, that the proof submitted by defendants in support of their motion for summary judgment was sufficient to demonstrate that they exercised no control or supervision over the activity giving rise to plaintiff's alleged injuries, defendants failed to establish that they lacked actual or constructive knowledge of the alleged defective scaffold (*see, supra; Lombardi v Stout*, 80 NY2d 290, 294-295; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642). In this regard, defendants rely solely upon plaintiff's examination before trial testimony, wherein he states that he did not notify anyone of the allegedly defective condition of the scaffold prior to the incident in question. The mere fact that plaintiff did not bring this matter to defendants' attention, however, is insufficient to establish, as a matter of law, that defendants lacked notice of the alleged defect and, as such, we cannot say that Supreme Court erred in denying defendants' motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.

2. There is, of course, no liability under Labor Law § 240 (1) when a plaintiff is injured as the result of the horizontal or lateral movement of materials or equipment (*see, e.g., Smith v Hovnanian Co.*, 218 AD2d 68, 70-71; *Bloomfield v General Elec. Co.*, 198 AD2d 655, 657-658).