■ CHARLES ROSS, Respondent, v CURTIS-PALMER HYDRO-ELECTRIC COMPANY et al., Appellants. [660 NYS2d 172] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 27, 1996 in Saratoga County, which denied defendant International Paper Company's motion for summary judgment dismissing the complaint against it.

This matter was previously before us (180 AD2d 385). On appeal, the Court of Appeals modified our order by reinstating the Labor Law § 200 (1) claim against defendant International Paper Company. International was the manager of the construction site and general contractor on the project where plaintiff sustained injuries performing welding work while perched on a scaffold in a contorted position causing him to lean down from the scaffold while balancing himself against a wall with his leg. Bechtel Corporation, a subcontractor, was plaintiff's employer.

Upon remittal and after further discovery, International again sought summary judgment dismissing the Labor Law § 200 (1) claim. Supreme Court, finding that issues of fact existed concerning International's supervisory role at the

construction site and knowledge of the unsafe conditions, denied International's motion. This appeal ensued.*

The discrete issue here is whether plaintiff established a triable issue of fact regarding whether International had sufficient control over plaintiff's activities and/or notice of the manner in which plaintiff was working. Labor Law § 200 (1) is a codification of the common-law duty of general contractors to provide a safe work area (*see, Russin v Picciano & Son*, 54 NY2d 311, 316-317). To be found liable, a party must be shown to have notice, either actual or constructive, of the unsafe condition and to have exercised sufficient control over the work being performed to correct or avoid the unsafe condition (*see, Mosher v County of Rensselaer*, 232 AD2d 952, 954).

Plaintiff presented proof of the contract between Bechtel and International which stated that International agreed to supervise the construction work and to comply with the legal standards of safety of all employees on the work site. An affidavit of a Bechtel employee stated that he heard International employees giving Bechtel employees directions and instructions concerning work at the site and how it was to be performed. He further averred that International was aware of the general conditions on the work site and specifically aware of the welding work.

We concur with Supreme Court that plaintiff sufficiently raised an issue of fact as to whether International had constructive knowledge of plaintiff's work conditions. The issue of control and knowledge—the elements necessary to establish liability under Labor Law § 200 (1)—was amply demonstrated by plaintiff.

Crew III, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although the notice of appeal was filed on behalf of all defendants, only International has filed a brief and the motion at issue was made by only International.