■ JERALD SKUDLAREK, Individually and as Administrator of the Estate of LOUISE SKUDLAREK, Deceased, Respondent, v BETHLEHEM STEEL CORPORATION et al., Appellants. AMADORI CONSTRUCTION COMPANY, INC., Third-Party Plaintiff, v CIESLA ELECTRICAL CONSTRUCTION COMPANY, Third-Party Defendant-Appellant. (Appeal No. 1.) [673 NYS2d 344] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a welder employed by third-party defendant, Ciesla Electrical Construction Company (Ciesla), was fabricating a steel jacking device to dismantle a large armature at the Bethlehem Steel Plant. While plaintiff was standing on a 10-inch-high wooden pallet in a railroad siding, which was approximately five feet below floor level, the jacking device began to slip towards him. As he pushed against it, he fell backward off the pallet onto the floor, injuring his back.

Plaintiff commenced this action against defendant Bethlehem Steel Corporation (Bethlehem), the owner of the premises, and defendant Amadori Construction Company, Inc. (Amadori), another contractor on the project, alleging causes of action under Labor Law §§ 200, 240 and 241 and common-law

negligence. Amadori commenced a third-party action against Ciesla.

Supreme Court properly denied the motion of Bethlehem insofar as it sought summary judgment dismissing the Labor Law § 241 (6) claim against it to the extent that it is premised on the alleged violation of 12 NYCRR 23-1.11 (a). To establish a cause of action under Labor Law § 241 (6), plaintiff must demonstrate that the owner or general contractor violated a specific rather than a general safety standard established by the Labor Commissioner (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505; *Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049, 1050; *Pelleschi v City of Rochester,* 198 AD2d 762, 763, *lv denied* 83 NY2d 752). We agree with the court that the safety standard set forth in 12 NYCRR 23-1.11 (a) is specific enough and applicable to the circumstances in this case to serve as a predicate for a Labor Law § 241 (6) claim against Bethlehem. We conclude, however, that the safety standards set forth in 12 NYCRR 23-1.15 (a)-(d) and 23-1.25 (d), which were also relied upon by the court, although specific enough to support a Labor Law § 241 (6) claim (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 502-505), are not applicable in the circumstances of this case.

The court erred in denying the motion of Amadori insofar as it sought summary judgment dismissing the Labor Law § 241 (6) claim against it. Amadori cannot be held liable under Labor Law § 241 (6) as an agent of Bethlehem because Amadori did not exercise the requisite supervision or control over plaintiff's work (*see, Russin v Picciano & Son,* 54 NY2d 311, 318; *Wright v Nichter Constr. Co.,* 213 AD2d 995; *Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416-417). Therefore, we modify the order by granting in part the motion of Bethlehem and dismissing the Labor Law § 241 (6) claim against it insofar as it is premised on alleged violations of the safety standards set forth in 12 NYCRR 23-1.15 (a)-(d) and 23-1.25 (d) and by granting in part the motion of Amadori and dismissing the Labor Law § 241 (6) claim against it. (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Callahan, Balio and Boehm, JJ.