■ CHARLES ROSS, Appellant, v CURTIS-PALMER HYDRO-ELECTRIC COMPANY et al., Defendants, and INTERNATIONAL PAPER COMPANY, INC., Respondent. [743 NYS2d 630] —Crew III, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered August 10, 2001 in Saratoga County, upon a dismissal of the complaint against defendant International Paper Company, Inc., at the close of plaintiff's case.

Plaintiff commenced this action to recover damages for an injury allegedly sustained while he was performing welding work for his employer, Bechtel Corporation, at a construction site in the Town of Corinth, Saratoga County. Plaintiff was required to perform welding from a temporary platform positioned over a 50-foot concrete shaft. In order to complete his assigned task without falling from the platform, plaintiff had to sit on its edge, extend one leg forward against the top edge of the shaft and stretch forward and down to reach the area in need of welding. As a result of working in this contorted position for a considerable time period, plaintiff allegedly injured his back.

Plaintiff thereafter commenced this action against defendant Curtis-Palmer Hydro-Electric Company, the owner of the site, defendant Saratoga Development Corporation, a general partner of Curtis-Palmer, and defendant International Paper Company, the general contractor of the project. Following joinder of issue, International moved for summary judgment, and plaintiff cross-moved for partial summary judgment as to the claims alleging violations of Labor Law § 240 (1) and § 241 (6). Supreme Court dismissed plaintiff's complaint and, on appeal, we reinstated all of plaintiff's causes of action save the Labor Law § 241 (6) claim against International (180 AD2d 385). The Court of Appeals thereafter modified our order by granting summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action (81 NY2d 494).

Upon remittal, International again moved for summary judgment dismissing plaintiff's Labor Law § 200 (1) cause of action. Supreme Court denied the motion and we affirmed (241 AD2d 650). Thereafter, a bifurcated trial ensued and, at the close of plaintiff's case, Supreme Court granted International's motion to dismiss plaintiff's remaining cause of action. Plaintiff now appeals.

We affirm. Labor Law § 200 (1) provides, in pertinent part, that work areas shall be so arranged as to protect the "safety of all persons employed therein" and constitutes a codification of the common-law duty of an owner or a general contractor to provide a safe place to work (*see, e.g., Russin v Picciano & Son*, 54 NY2d 311, 316-317). In that regard, a general contractor is not required to protect employees from defects in a subcontractor's equipment or unsafe work practices (*see, Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 641), except in those instances where the general contractor exercises actual control over the unsafe work place and has actual or constructive notice thereof (*see, id.* at 642). Finally, the mere presence of employees of the

general contractor at the work site is, in and of itself, insufficient to afford liability under Labor Law § 200 (1) (*see, Lysiak v Murray Realty Co.*, 227 AD2d 746, 749).

Initially, it is of note that the contract between International and Bechtel imposed upon the latter the sole responsibility for maintaining a safe workplace for the protection of the persons employed at the site and to provide all supervision and equipment for the proper construction and completion of the work. And while International retained a contractual right to inspect the project and demand adherence to safety standards, such is insufficient to establish the control necessary to subject the general contractor to liability for the negligence of the subcontractor (*see, Tambasco v Norton Co.*, 207 AD2d 618, 621, *lv dismissed* 85 NY2d 857). Finally, plaintiff's testimony makes plain that it was Bechtel's employees who supervised his work and instructed him on the manner in which it was to be performed. Indeed, it was a Bechtel supervisor who directed plaintiff to erect the "make-shift" platform to perform the welding work that was the alleged cause of his injury. Finally, while the evidence might have persuaded a jury that the managing engineer of International was present when plaintiff was instructed as to how he was to perform the welding job, as noted, such presence is insufficient to create liability. Accordingly, upon this record, there was insufficient evidence to conclude that International exercised the necessary supervision and control of plaintiff and his work to subject it to liability, and Supreme Court quite properly dismissed the complaint against International at the conclusion of plaintiff's proof. We have considered plaintiff's remaining contentions and find them equally without merit.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.