■ JULIO GARCIA, Plaintiff, v PEPSICO, INC., et al., Defendants. PEPSICO, INC., et al., Third-Party Plaintiffs-Respondents, v A.S.F. GLASS CORPORATION, Third-Party Defendant, and SENTRALE CONTRACTING CORP., Third-Party Defendant-Appellant

and Second Third-Party Plaintiff-Respondent. ANDY LOPES BUILDING CORP., Second Third-Party Defendant-Appellant. [755 NYS2d 605] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about September 26, 2002, which denied the motion of second third-party defendant Andy Lopes Building Corp. for summary judgment dismissing the second third-party complaint and all cross claims against it and the cross motion of third-party defendant Sentrale Contracting Corp. for summary judgment dismissing the third-party complaint and all cross claims against it, unanimously affirmed, without costs.

The trial court properly denied the motion and cross motion for summary judgment. Andy Lopes Building failed to establish, as a matter of law, that it was not negligent in securing the plywood form over the hole into which plaintiff is alleged to have fallen. Sentrale Contracting failed to establish, as a matter of law, that it was not responsible for directing or controlling the work performed by its subcontractor Andy Lopes Building (*see Rodriguez v Metropolitan Life Ins. Co.*, 234 AD2d 156 [1996]; *cf., Ross v Curtis-Palmer Hydro-Elec. Co.*, 295 AD2d 723, 724-725 [2002], *lv denied* 98 NY2d 614 [2002]; *Tambasco v Norton Co.*, 207 AD2d 618 [1994], *lv dismissed* 85 NY2d 857 [1995]) and that the written indemnity/insurance procurement agreement produced by third-party plaintiff HRH Construction Corporation in opposition was not applicable. Concur—Buckley, P.J., Tom, Rosenberger, Lerner and Marlow, JJ.