■ TAMI SHAHEEN, Individually and as Administrator of the Estate of JOHN M. SHAHEEN, Deceased, Respondent-Appellant, v HUEBER-BREUER CONSTRUCTION CO., INC., Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent. NOVA MECHANICAL CONTRACTORS, INC., Third-Party Defendant-Respondent. HUEBER-BREUER CONSTRUCTION CO., INC., Third-Party Plaintiff-Appellant-Respondent, v R.P. MECHANICAL, INC., Third-Party Defendant-Respondent. NOVA MECHANICAL CONTRACTORS, INC., Fourth-Party Plaintiff-Respondent, v R.P. MECHANICAL, INC., Fourth-Party Defendant-Appellant-Respondent. [772 NYS2d 156]—

Appeals and cross appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.) entered April 9, 2003. The order, insofar as appealed from, granted plaintiff's cross motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, granted those parts of the motions of defendant and fourth-party defendant for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims and the common-law negligence cause of action and denied that part of the motion of defendant for common-law indemnification from third-party defendants.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the motions of defendant and fourth-party de-

fendant seeking dismissal of the Labor Law § 240 (1) claim, dismissing that claim, denying those parts of the motions seeking dismissal of the Labor Law §§ 200 and 241 (6) claims and the common-law negligence cause of action, reinstating those claims and that cause of action and denying the cross motion and as modified the order is affirmed without costs.

Memorandum: This common-law negligence and Labor Law action seeks damages for injuries sustained by John M. Shaheen (decedent) when he was struck on the head, back, and neck by a 100-foot coil of "wadded up" hemp rope that was pushed off a scaffold above him by a coworker after decedent requested that the rope be lowered. Decedent was going to use the rope as a hoist to lift materials up to a higher level. Supreme Court erred in denying those parts of the respective motions of defendant, Hueber-Breuer Construction Co., Inc. (Hueber-Breuer), and fourth-party defendant, R.P. Mechanical, Inc. (RMI), for summary judgment dismissing the Labor Law § 240 (1) claim and in granting plaintiff's cross motion for partial summary judgment on the issue of liability on that claim. "[F]or section 240 (1) to apply, a plaintiff must show . . . that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Plaintiff failed to make that necessary showing or raise an issue of fact in opposition to the motions of Hueber-Breuer and RMI. The rope that fell on decedent was not an object being hoisted or a load that required securing at the time it fell, and thus section 240 (1) does not apply (*see id.*; *see also Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]). We therefore modify the order by granting those parts of the motions of Hueber-Breuer and RMI seeking dismissal of the Labor Law § 240 (1) claim, dismissing that claim and denying plaintiff's cross motion.

The court also erred in granting those parts of the motions of Hueber-Breuer and RMI for summary judgment dismissing the Labor Law § 241 (6) claim. The regulatory provision on which plaintiff relies—12 NYCRR 23-1.15 (c)—is sufficiently specific to support a claim under section 241 (6) (*see Skudlarek v Bethlehem Steel Corp.*, 251 AD2d 973, 974 [1998]). Moreover, we conclude that Hueber-Breuer and RMI failed to establish as a matter of law that the violation of that provision, which requires the installation of toeboards on scaffolds, was not a proximate cause of decedent's injuries (*cf. Ares v State of New York*, 80 NY2d 959, 960 [1992]; *Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020, 1021 [1996]). The violation of the regulation is at least some evidence of negligence (*see Heller v Louis Provenzano,*

*Inc.*, 303 AD2d 20, 26 [2003]), and the trier of fact should determine whether any such violation was a substantial cause of the events that produced decedent's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see also Di Sabato v Soffes*, 9 AD2d 297, 304 [1959]).

The court further erred in granting those parts of the motions of Hueber-Breuer and RMI for summary judgment dismissing the Labor Law § 200 claim and the common-law negligence cause of action. Plaintiff alleges a safety violation concerning the scaffold and that such violation was a proximate cause of the accident. Although a representative of Hueber-Breuer testified that, at the time of decedent's accident, he had no knowledge of any safety issues concerning scaffolding, plaintiff submitted evidence establishing that Hueber-Breuer had the authority to stop work if there were any unsafe working conditions, that someone from Hueber-Breuer had inspected the scaffolding, and that decedent's employer was being watched by Hueber-Breuer because there had already been one injury on the job. Plaintiff's submissions thus raise issues of fact whether Hueber-Breuer supervised the work of decedent's employer and whether Hueber-Breuer had actual or constructive notice of the unsafe condition that contributed to the accident (*see Freitas v New York City Tr. Auth.*, 249 AD2d 184, 186 [1998]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 295 AD2d 723, 724-725 [2002], *lv denied* 98 NY2d 614 [2002]; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 641-642 [1991]). Therefore, we further modify the order by denying those parts of the motions of Hueber-Breuer and RMI seeking dismissal of the Labor Law §§ 200 and 241 (6) claims and the common-law negligence cause of action, and reinstating those claims and that cause of action.

Finally, the court properly denied that part of the motion of Hueber-Breuer, the general contractor, for common-law indemnification from third-party defendant Nova Mechanical Contractors, Inc. (Nova) and RMI. Hueber-Breuer failed to establish that either Nova or RMI "actually supervised, directed or controlled [decedent's] work" (*Harzewski v Centennial Dev.*, 309 AD2d 1188, 1188 [2003]; *see Davis v Manitou Constr. Co.*, 299 AD2d 927, 928 [2002]; *Nappo v Menorah Campus*, 216 AD2d 876, 877 [1995]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.