Salcedo v Sustainable Energy Options, LLC (2021 NY Slip Op 00042)





Salcedo v Sustainable Energy Options, LLC


2021 NY Slip Op 00042


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 306568/13 Appeal No. 12776 Case No. 2019-03278 

[*1]Luis Manuel Garcia Salcedo, Plaintiff-Appellant,
v
Sustainable Energy Options, LLC, et al., Defendants-Respondents, Sunation Thermal Services, Inc., Defendant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Christopher Soverow of counsel), for appellant.
Law Office of Tobias & Kuhn, New York (Curtis B. Gilfillan of counsel) for Sustainable Energy Options, LLC, Gemstone Property Management LLC and DHNY IV LLC, respondents.
Kennedys CMK, LLP, New York (Sean T. Burns of counsel), for Strathmore Construction Management, LLC, respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 11, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Strathmore Construction Management, LLC's and Sustainable Energy Options, LLC, Gemstone Property Management LLC, and DHNY IV LLC's motions for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny Sustainable, Gemstone, and DHNY's motion, and otherwise affirmed, without costs.
The record demonstrates conclusively that defendant Strathmore, a general contractor was performing interior renovations of certain apartments in the building, had no involvement in the work being performed in the basement, where plaintiff was injured (see Garcia v Pepsico, Inc., 303 AD2d 227 [1st Dept 2003]; Ross v Curtis-Palmer Hydro-Elec. Co., 295 AD2d 723 [3d Dept 2002], lv denied 98 NY2d 614 [2002]).
Defendants Sustainable, Gemstone, and DHNY failed to make a prima facie showing that they did not violate Labor Law § 240(1) or that plaintiff's injuries were not caused by any violation of the statute. They submitted no evidence that controverted plaintiff's testimony that he was struck by material dropped by plumbers working above him who apologized to him afterwards (see Delgado v Martinez Family Auto, 113 AD3d 426, 427 [1st Dept 2014]). Contrary to defendants' contention, plaintiff is not required to show the exact circumstances of the fall of the material (see Vargas v City of New York, 59 AD3d 261 [1st Dept 2009]; Humphrey v Park View Fifth Ave. Assoc. LLC, 113 AD3d 558 [1st Dept 2014]; Mercado v Caithness Long Is. LLC, 104 AD3d 576, 577 [1st Dept 2013]). Notably, DHNY, the owner, and Gemstone, the property manager, submitted no evidence of the identity of the plumbers or their connection to the work being performed in the basement. In light of plaintiff's testimony, evidence that he had not yet begun working and was there only to accompany his possible prospective employer to review the possible job presents an issue of fact. An issue of fact is also presented by Sustainable's principal's testimony that he did not perform or subcontract for the boiler work and was hired only to craft a proposal, in light of the testimony of an employee of the managing agent, the testimony of the individual who claims to have performed at least a portion of the contract work on behalf of Sustainable, and the terms of the proposal itself, all of which contradict Sustainable's testimony.
Defendants failed to make a prima facie showing of their entitlement to summary dismissal of the Labor Law § 241(6) claim premised upon a violation of Industrial Code (12 NYCRR) § 23-1.7(a)(1). They submitted no evidence establishing that the area where the accident occurred was not "normally exposed to falling material or objects" and therefore did not require overhead protection (12 NYCRR 23-1.7[a][1]; see Clarke v Morgan Contr. Corp., 60 AD3d 523, 524 [1st Dept 2009]).
DHNY and Gemstone [*2]failed to establish prima facie that they did not exercise supervision or control over either the work of plaintiff or the plumbers working above him for purposes of the Labor Law § 200 claim, and, as indicated, Sustainable failed to demonstrate conclusively that it did not contract for the work at issue (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021